## Howard K. James, Appellee, v. Conklin & Hill, Appellants.

1. EVIDENCE—*what incompetent to establish indebtedness.* In an action to recover an alleged indebtedness a postal card written by the cashier of a bank reporting upon a draft, containing the statement, "Parties promise adjustment of matter in a few days," is incompetent, such postal card being written without the authority, direction or knowledge of the party sought to be charged with the debt.

2. EVIDENCE—*what competent by way of impeachment.* Held, that a hotel register and an expense account of a witness were competent

as tending to show that such witness was not at a particular place on a certain day as claimed by the opposite party.

3. EVIDENCE—*what competent upon question of title.* In an action brought upon an account bought from a bankrupt's estate, the records of the United States District Court are competent to prove title.

4. INSTRUCTIONS—*when upon question of agency erroneous.* An instruction on the question of the authority of a representative of the owner of a debt to collect the same, is erroneous if it ignores the evidence which tends to show the apparent or implied authority of such representative to make the ·collection, and is calculated to lead the jury to believe that they must look solely to a written contract to determine the extent of the authority of such representative.

5. INSTRUCTIONS—*abstract propositions of law.* It is not error to refuse an instruction abstract in form notwithstanding it contains the statement of a correct proposition of law.

6. AGENCY—*when payments to agent binding upon principal.* Payments made to an agent are good and obligatory upon the principal in all cases where the agent is authorized to receive payment, either by express authority, or by that resulting from the usage of trade, or from the particular dealings between the parties.

Assumpsit. Appeal from the Circuit Court of Richland county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 12, 1910.

H. G. MORRIS, for appellants.

McGAUGHEY & TOHILL, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Judgment was rendered in this case in favor of appellee against appellants in the sum of $512.75 for a balance of an account alleged to have been due from appellants to the James & Mayer. Buggy Company of Lawrenceburg, Indiana, and which account was bought by appellee at the trustee's sale of the company's accounts, after it had been adjudged a bankrupt. The company made an assignment of all its property and accounts for the benefit of creditors on September 2, 1905; and on October 3, 1905, it was adjudged an in-

voluntary bankrupt, and Thomas S. Cravens was appointed trustee. On October 3, 1907, the trustee sold all the accounts of the company to the plaintiff, as he claims, by order of the U. S. District Court for the District of Indiana. The evidence tends to support this claim of the plaintiff, and he received a bill of sale of said accounts, including the one in suit, from the trustee in bankruptcy. It is admitted by the defendants that they purchased the bills of buggies and other items named in said account of the company during the year 1905. Their defense was that they paid this account in full August 28, 1905, to A. L. Kurtz, a traveling salesman of the James & Mayer Buggy Company. The defense is supported by the evidence of A. E. Hill, one of the defendants, who testified that on that date he paid the bill to Kurtz without knowledge of the failing condition of the company; and he is corroborated fully by Kurtz, who also receipted the bills as paid to him on that date. The plaintiff contended that the payment was not made to Kurtz on that date; but that it was made after the assignment of the company, if made at all, at a time when his agency for the company had ceased. Plaintiff also contended that Kurtz had no authority as agent of the company to collect money for it at any time, except in special instances when expressly authorized by it.

It is insisted here by the appellants that the court erred in admitting in evidence a postal card written by John T. Ratcliff, assistant cashier of the First National Bank of Olney, to the Citizens National Bank of Lawrenceburg, Indiana, in reply to a letter from the latter to the former bank enclosing a draft for collection on appellants for $307.50 in favor of the buggy company, and which was drawn for the collection of a portion of the account sued on in this case. The card reads thus:

"OLNEY, ILL. 9-5, 1905.

DEAR SIR: We have received your favor of 2 with enclosure as stated. We credit; accepted; Entered for

collection. Parties promise adjustment of matter in a few days. Shall we hold.

Very respectfully,

R. N. STOTLAR, Cashier.''

This card was incompetent evidence, and was very damaging to defendants' case. It is a card written to the plaintiff by a third party, in no way connected with the defendants as agent or otherwise, and the card was not written by the authority or direction or knowledge of the appellants. It is said by appellee's counsel that the error in admitting this evidence, if error, is harmless. The question of whether or not the appellants paid this bill to Kurtz, August 28, 1905, or after the assignment, September 2, 1905, was the principal point of contention between the parties to this suit. This exhibit is damaging evidence to the effect that the bank at Olney got this account for collection after September 2, 1905, and was informed by appellants that they would adjust it, although in the trial they claimed they had already paid it to Kurtz several days before that. Besides, it tended to corroborate Ratcliff, who testified that he presented the claim to Conklin and Hill on the evening of September 4th, or during the day of September 5th of that year, and that they promised to adjust it.

We do not think the court erred in admitting in evidence the hotel register and the expense account of Kurtz. They were competent as bearing upon the contention of appellee that Kurtz was not in Olney on August 28, 1905; and that for that reason he could not have been at appellants' place of business on that day, the date of his receipt to the bills in question. The records of the U. S. District Court were, also, all competent to prove title to plaintiff to the account sued on and they made a *prima facie* case in that particular.

The court also erred in its instructions to the jury. Nos. 1, 2, 5, 8 and 9 of appellee's instructions are all faulty because they state in substance to the jury that payment of this account to Kurtz on August 28, 1905,

would not discharge appellants from liability on this account unless they believed from the evidence that he had authority from the James & Mayer Buggy Company to collect the account, or unless they afterwards ratified such payment. By these instructions the apparent authority of Kurtz to collect this account, as shown by the facts, put in evidence that Kurtz had collected accounts from the appellants before without objections, and that he had collected accounts from other like debtors in southern Illinois without objections, was not to be considered by the jury in determining the question of whether or not appellants were warranted in treating him as an agent authorized to make collections. The further fact that it was proven that his written contract only gave him the express right to sell merchandise for them, would necessarily lead the jury to conclude that they must look to this contract solely for his authority. Payments made to an agent are good and obligatory upon the principal, in all cases where the agent is authorized to receive payment, either by express authority, or by that resulting from the usage of trade, or from the particular dealings between the parties. Noble v. Nugent, 89 Ill. 522, citing Story on Agency. The principal is equally bound by the authority which he actually gives, and by that which by his own acts he appears to give. The principal is responsible for the appearance of authority. Smith v. Peoria County, 59 Ill. 412; Phoenix Ins. Co. v. Stocks, 149 Ill. 319.

For the same reasons the modification of appellants' instruction No. 1 was misleading to the jury. Appellants' refused instruction No. 7 states a correct proposition of law in the abstract, but should be applied to the facts of this particular case, and for failing so to do it was not error to refuse it. The same objection applies to refused instruction No. 8. It is the dealings with appellants by this company or dealings by the company known to appellants, that are to determine the apparent authority of the agent, Kurtz, in

this case.   Therefore, refused instruction No. 9 is inaccurate and properly refused.   Appellee's instruction No. 3 is admitted by his counsel to be inaccurate, and discussion thereof is not necessary.   The evidence in this case was close and very conflicting.   In such case the rulings of the court on the evidence and the instructions should be accurate or the verdict ought not to be sustained.

For the errors indicated the judgment of the court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*