In this view of the case, the only question that remains for the court to determine is whether or not the damages sustained by defendant because of said abandonment were greater than the amount deposited by plaintiff with defendant to secure the faithful performance of the covenants of the lease.

For the reasons hereinabove assigned, the judgment will be reversed and the cause remanded for further proceedings not inconsistent with the views hereinabove expressed.

*Reversed and remanded.*

---

### Augusta Voelkner, Plaintiff in Error, v. Louis A. Ott et al., Defendants in Error.

#### Gen. No. 20,524.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916.

### Statement of the Case.

Action by Augusta Voelkner, plaintiff, against Louis A. Ott, Mabel C. Ott, Henry Shrik and Lucy Shrik, defendants, in the Municipal Court of Chicago, to recover on a promissory note. To reverse a judgment for defendants, plaintiff prosecutes this writ of error.

On July 18, 1911, the Shriks owned certain realty, upon which a loan of $3,000 was negotiated by John P. Foerster & Company, mortgage bankers. The Shriks executed a principal promissory note of $3,000, due in five years, with interest semiannually at six per cent. per annum, and evidenced by ten in-

terest notes or coupons. All were made payable to and indorsed by the makers, and provided that unless otherwise specified in writing by the holder, they should be payable at the office of John P. Foerster & Company, Chicago.

On May 16, 1912, the Shriks sold the real estate to the Otts, subject to the incumbrance of $3,000.

The evidence further showed that during December, 1913, the Shriks received notice from John P. Foerster & Company that interest coupon No. 5 for $90 would be due January 18, 1914; that on January 6, 1914, one Thies, a brother-in-law of defendant Louis Ott, paid the cashier of John P. Foerster & Company $90 to take up the interest coupon; that the cashier stated that the note had not yet been received, but he gave him a receipt in the following form:

"No. 468.                                Chicago, Jan. 6, 1914.

"Received of Louis A. Ott, $90.00 in payment of his interest coupon due January 18, 1914, same to be cancelled and mailed as soon as received by us.

JOHN P. FOERSTER & CO.,
By U. M. FOERSTER."

that on January 9, 1912, John P. Foerster & Company were forced into involuntary bankruptcy and did not pay the $90 to plaintiff; that the interest coupon, at the time payment was made by the Otts, and since then, was in possession of the plaintiff.

The evidence further showed that prior to this payment, four other interest coupons had matured and were paid to John P. Foerster & Company in a similar manner. All of said interest coupons were stamped across the face with the words, "Paid, John P. Foerster & Company," and the respective dates upon which payments were made.

It also appeared that counsel for the plaintiff were also counsel for John P. Foerster & Company in the bankruptcy proceedings, and that the claim of plaintiff's, based upon this same interest coupon, was proved in bankruptcy.

The case was tried by the court without a jury, and the court found for defendant.

CASWELL & HEALY, for plaintiff in error.

FRANK F. TOLLKUEHN, for defendants in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 134*—*when agent no authority to receive payment of debt before maturity.* Authority to an agent to receive payment of a debt is not of itself authority to receive payment thereof before maturity.

2. PRINCIPAL AND AGENT, § 134*—*when usage validates act of agent in receiving payment of debt before maturity.* Where a known usage of trade or course of business in a particular employment extends the ordinary scope of the authority of one authorized to receive payment of a debt, such usage or course of business may be held to give validity to the act of such agent in receiving payment of the debt before maturity.

3. PRINCIPAL AND AGENT, § 8*—*when evidence sufficient to sustain finding that payment of note made to duly authorized agents.* In an action to recover on an interest coupon note which was paid to brokers, evidence *held* sufficient to sustain a finding that payment was made to duly authorized agents of the plaintiff.

4. BILLS AND NOTES, § 378*—*when possession of notes by holder merely presumptive evidence of nonpayment.* The possession of notes by the holder is merely presumptive and not controlling evidence of their nonpayment, and such evidence may always be overcome by clear proof that the notes were in fact paid to a person having authority to receive payment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.