Anthony Joseph Linowiecki, Appellant, v. Franciszek Wisniewski and Aniela Wisniewski, Appellees.

Gen. No. 32,522.

Opinion filed June 20, 1928.

JONES & KOERNER and JOSEPH A. JAROS, for appellants; JAMES S. WIGHT and CHARLES M. GERINGER, of counsel.

JOHN S. RYBICKI and JOSEPH D. O'DONNELL, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

On November 8, 1926, plaintiff, Anthony Joseph Linowiecki, obtained a judgment by confession against the defendants, Franciszek Wisniewski and Aniela Wisniewski, for $703.23. May 17, 1927, a petition was filed to vacate said judgment and on May 26 of that year the judgment was vacated and leave given defendants to enter their appearance and defend the suit, the petition to stand as an affidavit of merits.

The case was heard by the court without a jury and resulted in a finding of the issues for the defendants. Accordingly, the judgment by confession was set aside and judgment entered for the defendants. From that judgment this appeal has been perfected.

The facts show that the defendants executed a series of notes, twenty in number, secured by a trust deed in which the defendants were grantors and a certain Max Weber was named as trustee. The notes were identical, except as to the amounts therein stated and the dates payable, and each of said notes was made payable at the offices of Weber & Weber, 2132 North Western avenue, Chicago, Illinois, and from the testimony it appears that Max Weber, the trustee, was a member of that firm. Ten of these notes were paid as they fell due, at the office of Weber & Weber, and on January 15, 1924, Max Weber sold notes numbered 10 to 20, inclusive, to the plaintiff and they were delivered to the plaintiff who retained them in his possession. The notes were made payable to the order of the defendants and by them indorsed so that they passed by delivery.

It appears from the testimony that the defendants continued to pay the last ten notes as they fell due at the office of Weber & Weber. As each of these notes was presented at the office of Weber & Weber, they would accept the money and then take it to the plaintiff who, thereupon, delivered the note to them which, in turn, they forwarded to the defendants. In some

instances they would issue a receipt for the money and in some instances the receipt was waived.

On January 31, 1925, the defendants paid the last note which was known as No. 20 at the office of Weber & Weber, the total amount paid on said note being the sum of $583.39. Weber thereupon released the trust deed, but, not having possession of the note, made an indorsement of payment on a letter dated January 22, 1925, which he had sent to the defendants notifying them that this note was due, and which they had with them at the time they made the payment on this last note.

It is undisputed that Weber received the money, but the plaintiff alleges and charges that Weber & Weber were not agents authorized to receive payment of money, and that it was the duty of the defendants to see to it that the money was paid to him as holder of the note.

Plaintiff further contends that the defendants having paid the note without its production at the time, did so at their peril.

The original loan, for which the trust deed was given as security, was made at the office of Weber & Weber, which was a firm engaged in the real estate and loan business, and the notes were made payable at the office of that firm. These facts, standing alone, might not be sufficient to authorize Weber & Weber to make collections on these notes, but the fact is to be considered together with all the other facts and circumstances of the case. An agent authorized to make a transaction is not necessarily authorized to collect by reason thereof and a person paying a note, except to the owner, ordinarily does so at his peril. The holder and owner of a note, however, may by his conduct impliedly create an agency and it is not necessary that the agency be constituted by a direct authorization. *James v. Conklin & Hill,* 158 Ill. App. 640, where the court in its opinion says:

"Payments made to an agent are good and obligatory upon the principal, in all cases where the agent is authorized to receive payment, either by express authority, or by that resulting from the usage of trade, or from the particular dealings between the parties. *Noble v. Nugent,* 89 Ill. 522, citing Story on Agency. The principal is equally bound by the authority which he actually gives, and by that which by his own acts he appears to give. The principal is responsible for the appearance of authority. *Smith v. Peoria County,* 59 Ill. 412; *Phoenix Ins. Co. v. Stocks,* 149 Ill. 319."

From the facts in this case it is apparent that not only were the notes made payable on their face at the office of Weber & Weber, but that plaintiff had allowed and permitted the nine notes previously due to be paid at that office and accepted by Weber & Weber, and, himself, turned over said notes to Weber & Weber for delivery to the defendants. There was nothing different in the course of conduct in regard to these nine previous notes than there was to note No. 20, except that Weber & Weber failed to remit to the holder of the note the money collected by him for its payment. The notes were to bearer and, while it might have been possible for the makers of said notes to have discovered by inquiry who the owner was, the makers also had the right to rely upon the course of conduct of the owner of the notes in permitting them to pay at the place named in the notes, without objection. On the other hand, if the payee did not desire the collection to be made by Weber & Weber, he had ample opportunity to have notified the makers of said notes that they should be paid to him directly and not through an intermediate person or agency. Moreover the plaintiff, by his course of conduct, had agreed to the payment of the notes, without their production, at the office of Weber & Weber by the defendants, as it appears from his own testimony

that he would not deliver the notes until he had first received the money and, for that reason apparently, would not deposit them with that firm.

This court had occasion to pass upon this question in a very similar case, entitled *Voelkner v. Ott,* 197 Ill. App. 520. From the facts in that case it appears that certain coupons were made payable at the office of John P. Foerster & Company. The original loan in that case was made by that company and no notice was ever served upon the defendant to pay any one save Foerster & Company. The notes were not in the possession of Foerster & Company, but were to be delivered after payment. Several previous interest coupons had been paid in this manner and no objections had been made because of the payments to that company, until the payment of the last interest coupon which was not turned over by Foerster & Company to the plaintiff in that case. The court in its opinion says:

"Clearly, under this state of facts, the court properly found that the payment before maturity to John P. Foerster & Company was a payment of this interest coupon to the duly authorized representative of the plaintiff. The fact that said note was not in their possession at the time is not controlling."

We have examined the cases cited by counsel for defendants, and find that they are distinguishable from the case at bar. Nearly all of these cases involved a single transaction and, in nearly all instances, while the note was made payable at a certain place, the name of the payee was set out in the note. These cases do not conflict in any way with the principle that where a person has permitted a person or firm to make collections, he has, impliedly, created an agency for that purpose, upon which another may have a right to rely.

We find from the record that there was sufficient evidence to sustain the finding of the trial court and

its judgment entered thereon and, for the reasons stated in this opinion, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.