## No. 13,158.

### MRS. M. A. D. SENTELL VS. MRS. FANNY B. RANDOLPH, ET ALS.

#### SYLLABUS.

1. THIS WAS AN ACTION TO REFORM A DEED.—Two of the defendants are third persons.
To affect third persons the property must be sufficiently described to give reasonable notice of the property sold.
If the property is described by name and boundaries, both should be given with sufficient accuracy to designate the person named and the boundary of the property. If described by sections and quarter sections, the numbers should be correctly given. A third person cannot be held to know that section 27 or any part of section 27 has been sold when the number of another section is given, there being nothing positive in the deed to show that the first was the number intended.
2. MORTGAGOR.—As to the remainder of the land: "to render a conventional mortgage valid it is necessary that the act establishing it shall state precisely the nature and situation of each of the immovables on which the mortgage is granted."
The situation of the immovable was not stated as required, and the court did not find with certainty that the land claimed was the land mortgaged.
Whatever error there was committed appears to have been the error of both the contracting parties in the absence of evidence of the parties, or of evidence of such a nature as to render it certain that the land claimed was the land the mortgagor intended to mortgage in 1884.

APPEAL from the Tenth Judicial District Court for the Parish of Avoyelles. *Cullom, J.*

*E. M. Hudson* for Plaintiff and Appellant.

Erroneous
Descrip-
tion in
Mortgage
Traced in
**Red**

Tracts In
tended
Traced in

**Blue**

Tracts
Correctly
described
in this
Mortgage
Dotted in

**Blue**

Scale so chains 10 an inch

*Couvillon & Son* for Defendants and Appellees.

*Wm. R. Howard,* Curator *ad hoc* (Wm. H. Peterman of Counsel), for Mrs. Sentell, Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J.  This suit was brought to correct a description of land, bought by plaintiff's ancestor in title at sheriff's sale of the 1st of March, 1884.

It appears that in the year 1875, Mrs. Randolph mortgaged property belonging to her.  Not long afterward, Sentell & Co. became owners of this mortgage and of the notes it secured.

The following is a description of the land in the act of mortgage:

"And 2d.  An undivided half part, share and interest of, in and to all and singular, all those tracts or parcels of land, situated in said parish of Avoyelles, on Bayou Jack and Bayou Choupique, in Township One, South Range Five East, designated and described as the North half of Section No. Twenty-seven, the North half of the Southwest Quarter of said Section Twenty-seven, the Northwest quarter of Section Thirty, the Southeast Quarter of Section Thirty-two, the West half of the Southwest Quarter of Section Twenty-eight, the Southwest Quarter of the Northeast Quarter of Section Twenty-eight, and the undivided half of the Southwest Quarter of Section Seventeen, containing in the aggregate nine hundred and thirty acres."

Of the seven subdivisions embraced in the foregoing description, it is claimed by plaintiff that four are misdescribed, viz:

Two in Section 27, one in Section 28· and one in Section 30, and plaintiff asks that the deed be reformed by substituting 29 for 27, and the W. ½ of S. E. ¼ of Sec. 28 for the W. ½ of S. W. ¼ of Sec. 28, and the S. E. ¼ of Sec. 30 for N. W. ¼ of Sec. 30, in order that the act of mortgage may be made to conform with the intention of the parties.

The owner of the primordial title acquired from the State of Louisiana and the United States.  At his death the title descended in indivision to his sole heirs, Mrs. Randolph and Mrs. Stark.  Mrs. Randolph mortgaged her undivided interest.

Plaintiff asserts that neither Mrs. Randolph nor her sister, Mrs. Stark, nor the two jointly, ever were the owners of record of any part of the four tracts alleged to have been described erroneously in the

mortgage, and it appears that one of the misdescribed tracts, to-wit, the W. ½ of S. W. ¼ of Section 28, is the property of other parties, and was such anterior to the mortgage executed by Mrs. Randolph.

At the foreclosure sale this firm (Sentell & Co.) became adjudicatee of the property mortgaged, and in the course of time, by regular conveyance, the plaintiff became the owner of the title and of the interest of the firm in the property.

Petitioner avers that her husband paid all the taxes due on the property up to his death, and that since that time she has paid them.

Mrs. Randolph not long since became vendor in two acts of sale, one to M. O. Chenevert, and the other to Shelby Couvillon; to the former she sold the half interest in the North ½ of Southwest ¼ of Sec. 29, Township 1, South Range 5 East, and to the other (Couvillon) she sold the half interest in the West ½ of Southeast ¼ of Section 28, Township 1, South Range 5 East.

These lands are portions of the legal subdivisions of the lands claimed by plaintiff, as intended to be embraced in the act of mortgage and of the deed of sale by the sheriff to her husband.

She also avers that the deed of sale of March 1st, 1884, was complete enough to give notice to third persons.

On behalf of the defendant Mrs. Randolph, the plea of prescription was filed, setting out the number of years that had elapsed since the mortgage and conveyance, and on the merits of the case she answered pleading the general denial. Her vendees, Couvillon and Chenevert, severed in their defense, pleaded prescription, and in their answers alleged that plaintiff had no right on their lands bought by them in good faith and without any notice of any adverse claim. They called their vendor, Mrs. Randolph, in warranty.

The following plat is inserted here. On it the legal subdivisions, as set forth in the act of mortgage heretofore referred to and in the sheriff's deed, in the foreclosure proceedings, are traced with red, and those claimed by plaintiff as the lots it was intended to mortgage and afterward to convey in the foreclosure proceedings, are traced in blue. Those correctly described and not here in dispute are dotted in blue.

Sentell vs. Randolph et als.

From the foregoing it appears that in drawing the mortgage of May 15th, 1875, a mistake was by error made in the description of certain tracts of land situated in T. 1, S. R. 5 E., in that the mortgagor purported to mortgage an undivided half interest, as follows:

N. W. ¼ of Section 30 was erroneously inserted in place of S. E. ¼ of Section 30.

W. ½ of S. W. ¼ of Sec. 28 was erroneously inserted in place of W. ½ of S. E. ¼ of Sec. 28. The N. ½ of Sec. 27 and N. ½ of S. W. ¼ of Sec. 27 were erroneously inserted in place of N. ½ of Sec. 29 and N. ½ of S. W. ¼ of Sec. 29.

From an adverse judgment, plaintiff prosecutes this appeal.

We have noted that the tracts of land claimed by plaintiff are separate and at some distance from those described in her act of purchase, which she avers are erroneously described, and are not the lands which she bought.

The action is exclusively one to reform a deed.

Our attention was first drawn against the defendants, Chenevert and Couvillon, who bought a large portion of the lands claimed from Mrs. Randolph, one of the defendants.

Everything of record indicates that they bought in good faith and without any notice whatever of any adverse right on the part of the plaintiff.

If we were to decree that these defendants must loose their lands, we would then virtually have to hold that they should have been aware of a fact of which plaintiff had no knowledge whatever until quite recently.

Plaintiff and her ancestors in title held for years the land described in her deed of purchase without suspecting that there was the least illegality in the title to these lands, and that she had the shadow of a claim to the lands now owned by these defendants. She, in consequence, can not, in the absence of evidence, sustain the position that they should have known that which was unknown to her and to her ancestors in title.

Not only the title since a number of years did not inform the public, as required, what property it embraced, but it did not inform the plaintiff until a comparatively recent date.

The intention of Mrs. Randolph to sell these tracts to plaintiff's ancestor in title, if it was the intention, does not appear of record.

What plaintiff's ancestors in title intended to do, does not in the

absence of all notice concern third persons such as were the purchasers, Chenevert and Couvillon. The maxim *id certum est quod certum redi potest* does not apply, for the reason that the purchaser can not have the title reduced to a certainty against these purchasers. The description does not come within the legal maxim at all, for the property was not sufficiently identified to bring it within the rule, particularly, as relates to third persons.

True the land was described as lying in Avoyelles. The parish, the township and the range are given and the location was stated as being on Bayou Jack and Bayou Choupique. We are led to infer that only one of the tracts of land is situated on Bayou Jack, and the others are at some distance from both.

Be this as it may, these defendants purchased fractional tracts not in the least covered by the description in plaintiff's title, which embraced land particularly described and which was not described by reference to parish, township or bayou as a description. The title did not cover all of the lands of the late Mr. Lambeth in Avoyelles, in a crtain tract or on a bayou, but fractional sections which were not the fractional sections these defendants bought.

We pass to the claim made against Mrs. Randolph who, after the sales made, as just stated, remains the owner of a fractional tract of some eighty acres.

While the *res* which is the subject matter of a contract, should be defined with some degree of certainty, it is, we are well aware, well settled that the identity may be made to appear by evidence *de hors* the act.

In the first place, in order that the quoted maxim *supra* may have application, we are of the opinion that the description should be certain enough to render it certain that the purchaser intended to buy the property he claims and to enable the court to determine what it is the purchaser supposed he was buying. Here, the description was too indefinite to show the intention of the purchaser or to enable the court to ascertain with any degree of certainty what property it was intended to convey. The parties to the original agreements are dead, and those who have succeeded to the title know very little regarding these agreements, save that it appears that the lands mortgaged many years ago, were considered the land of the mortgagor, though they were not, and the mortgagor has never paid taxes on those lands which she did not mortgage, and which are now

Sentell vs. Randolph et als.

claimed as the lands' which were really mortgaged, although incorrectly described.

This evidence does not go to the extent of showing error in the description.

The Civil Code, Article 3306, requires: "To render a conventional mortgage valid it is necessary that the act establishing it shall state precisely the nature and situation of each of the immovables on which the mortgage is granted."

We have read the decisions cited by the learned counsel, In Association vs. Mason, 24th Ann. 518, the description, we are informed, was accurate enough to inform the public what property was covered by the mortgage. The description of the land was reasonably certain and not misleading.

In Baker vs. Bank, 2nd Ann. 371, the mortgage made mention of the parish in which the mortgaged property was situated; the number of acres it contained; the use made of the property as a plantation, and that it was purchased by the mortgagor at a probate sale of a person named. This, we take it, was complete identification, and for that reason does not apply here.

In Ellis vs. Sims, 2nd Ann. 254, the boundaries were correctly stated, and the court said: "There has been a fair compliance with the requisition of the law that the mortgage and its registry shall state precisely the nature and situation of the property." A quotation, we take it, without any application here.

We grant counsel's proposition that the validity of a mortgage will not be affected by the number of the "range" in which the property covered by the mortgage is situated, if the property is otherwise described in the mortgage with sufficient certainty as to clearly identify it, and that the proposition is sustained by the cited decision.

The difficulty in reaching plaintiff's conclusion in regard to her claim arises from the fact that the property claimed was not all described in the mortgage.

For reasons assigned, the judgment is affirmed.

Rehearing refused.