(61 South. 831.)

No. 19,845.

HAAS v. FONTENOT et al.

In re FONTENOT et al.

April 28, 1913.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASER—NOTICE.

A duly recorded sale of the N. E. ¼ of the N. E. ¼ of section 23 conveys no notice to third persons of the intention to sell the S. E. ¼ of the N. E. ¼, section 23; and a reference in the deed to an unrecorded receiver's receipt has no effect against third persons.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. § 231.*]

2. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASER—NOTICE.

Latent misdescriptions in a deed of sale cannot be corrected to the prejudice of a subsequent purchaser, buying on the faith of the record. Under the Civil Code and jurisprudence of this state notice is not equivalent to registry.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. § 239.*]

Action by Samuel Haas against E. P. Z. Fontenot and others. Judgment for plaintiff was affirmed by the Court of Appeal, and case remanded, and defendants apply for certiorari or writ of review. Judgment reversed, and suit dismissed.

Garland & Garland, of Ville Platte, and Pavy & Fontenot, of Opelousas, for applicant. Leon S. Haas and E. B. Dubuisson, both of Opelousas, for respondents.

LAND, J. This is a petitory action to recover the S. E. ¼ of the N. E. ¼ of section 23, township 4 south, range 1 west, in the parish of Evangeline. Plaintiff's title, *as recorded*, called for the N. E. ¼ of the N. E. ¼ of section 23, township 4 south, range 1 west.

Defendant's title, *as recorded*, called for the S. E. ¼ of the N. E. ¼ of section 23, township 4 south, range 1 west.

Both parties claimed under Cornelius B. Fontenot, who entered the tract on April 26, 1899, in the United States Land Office in the city of New Orleans.

On October 27, 1899, Fontenot sold to Samuel Haas the N. E. ¼ of the N. E. ¼ of said section, "being the same land by the vendor acquired from the United States as per final receipt No. 8,463, dated April 26, 1899." ·

On June 2, 1900, a patent issued to said Fontenot for S. E. ¼ of the N. E. ¼ of section 23, etc.

On October 22, 1906, Fontenot sold the same tract of land to J. E. Walters, and further described "as being the same land by vendor acquired of the United· States by the homestead entry, as per patent dated June 2, 1900, and homestead certificate No. 8,463."

The patent and the deed to Walters were recorded on October 25, 1906, in the office of the recorder of the parish of Evangeline. Walters sold one-half of the tract to Emma C. Fontenot, wife of Cornelius B. Fontenot, who in 1907 sold to E. P. Z. Fontenot, who in 1909 purchased the other half from J. E. Walters.

The plaintiff obtained judgment for the land sued for in the district court, and the defendants appealed.

In the Court of Appeal the judgment was affirmed as to title in the plaintiff, but the case was remanded for the purpose of enabling the defendants to prove that the title was held by the plaintiff, not as owner, but as security for a debt.

The case is before us on a writ of review sued out by the defendants.

The Court of Appeal held that the action was not to reform the deed, but was petitory pure and simple, and that the question was whether plaintiff's title, *as recorded*, was such as to put the public upon inquiry. The Court of Appeal answered the question in the affirmative for the following reasons:

"The receiver's receipt No. 8,463 shows that this was the only land covered by the vendor's entry as homestead. It is in proof that the vendor had no other land in the section, township, and range given than that which he undertook to and did convey to the plaintiff."

"But, argue the defendant and the warrantor, receiver's receipt No. 8,463, was not of record at the time of their purchase, and there was nothing of record to convey knowledge to a third person that the S. E. ¼ of the N. E. ¼ was intended to be conveyed, instead of the N. E. ¼ of the N. E. ¼ of said section, as set forth in the act of sale from Cornelius B. Fontenot to the plaintiff."

"It is true that the recorder's receipt was not of record, but specific reference was made to it in order to identify the land conveyed as being the same land acquired by the vendor as per said receiver's receipt. Here was a means furnished by which the inquirer could have informed himself as to the land which said certificate or receipt covered. If it be contended that this was insufficient in law to put the defendant on inquiry, the fact remains that there was of record, at the time of his purchases, the patent from the government, issued and based upon the final receiver's receipt or homestead certificate No. 8,563, was extant on the conveyance records of the parish, and made full proof that the only land covered by the patent and the receiver's receipt was the land in litigation, and no other.".

When the defendant made his purchases, his vendors were in possession of the land and delivered the patent to him. His first purchase was made on the report of an expert that the title of Mrs. Emma C. Fontenot was good. On the strength of this report he borrowed money to pay a part of the purchase price. The deeds to the defendant contain no references to the receiver's receipt or to the patent.

[1] Plaintiff's title shows a sale of the N. E. ¼ of the N. E. ¼ of section 23. This description is mathematically certain and calls for no extrinsic evidence to explain the intention of the parties as to the tract intended to be conveyed. The parties declared that this N. E. ¼ of the N. E. ¼ was the same land covered by a certain United States receiver's receipt which had been issued to the vendor, and was presumably in his pos-

session at the time of the sale. This receipt was not recorded. The description of the land sold was written in full by the notary. There was nothing on the face of the deed to suggest error or ambiguity of description. The reference to the *unrecorded* receipt, conveyed no notice to third persons. The patent, recorded seven years later, disclosed a conveyance of an entirely different tract of land. A careful comparison of the deed with the patent would have shown a correspondence only in one particular; that is, in the *numbers* of the receipt and of the certificate referred to in the conveyances.

This correspondence of numbers was better calculated to suggest error or mistake in the number of the receipt referred to in the deed to the plaintiff than error in the specific description of the property conveyed, especially when the deed recited that the *same land* had been purchased by the vendor as shown by the receipt, and the patent recited the sale of a different tract of land. The receiver's receipt was not recorded, and hence was not available for the purpose of showing error in the description of the tract conveyed to the plaintiff.

Walter's vendor had possession of both the land and the patent, and this possession was transferred to the defendant. Plaintiff stood by in silence and exercised no acts of ownership for more than ten years, during which period the tract in dispute was sold and resold by deeds duly recorded. Plaintiff held the receiver's receipt, but never had the instrument recorded, and took no steps to correct the description in his deed until a year or more after defendants purchased from Walters.

Notice to the public by reference to the unrecorded land receipt was no notice at all. In Bender v. Chew, 129 La. 849, 56 South. 1023, we held that where a deed contained a particular description by sectional subdivisions of the land conveyed, followed by a reference to a certain patent issued to the author of the vendor, such reference was not sufficient to put third persons on notice.

In the absence of fraud, error of description in a recorded deed cannot be corrected to the prejudice of third persons. Adams v. Drews, 110 La. 456, 34 South. 602; Id., 115 La. 179, 38 South. 957.

It is now settled in the jurisprudence of this state that notice or knowledge on the part of a third person is not equivalent to registry. McDuffie v. Walker, 125 La. 152, 51 South. 100.

Plaintiff did not sue to reform the deed, and did not make his vendor a party to the suit. Plaintiff assumed that the error of description could be corrected in a petitory action against the defendant, a third possessor, and the Court of Appeal adopted the same view. This was error. A latent misdescription in a deed cannot be corrected, where the vendor in the conveyance has not been made a party to the suit. Bonvillain v. Bodenheimer, 117 La. 793, 42 South. 273. In Albert Hanson Lumber Co. v. Angelloz, 118 La. 861, 43 South. 529, we held that a deed to lot in section 34 is not a title to lots in section 36, and, in case of error of description, does not become a title to lots in section 36 until the error is corrected by agreement of the parties or by due process of law. But, even if plaintiff had sued to reform the description in his deed, he could not recover, because the property was not sufficiently described to give reasonable notice to third persons. Sentell v. Randolph, 52 La. Ann. 52, 56, 26 South. 797. The maxim, "Id certum est," etc., has no application to a case of this kind. If the description had been imperfect or indefinite on the face of the deed, the case might be different.

It is therefore ordered that the judgments of the Court of Appeal and of the District

Court herein rendered be annulled, avoided, and reversed, and it is now ordered that plaintiff's demands be rejected, and his suit be dismissed, with costs in all courts.