*1085
 
 ROGERS,' J.
 

 This is.a petitory action involving; title to the following described tract of land in the parish of De Soto, viz.:
 

 “Beginning at the southeast corner of the northwest quarter of section 30, township 14 north, range 14 west; thence north 32 chains; thence west 20 chains; . thence south 32 chains; thence east 20 chains to place of beginning, containing 64 acres, more or less.”
 

 The plaintiff alleged that he acquired the property from Dan Hall on March 16, 1927, by deed duly recorded in the conveyance records of De Soto parish, and that the defendant John J. Long is in unlawful possession thereof.
 

 The defendant denied that plaintiff was the owner of the property, alleging that his deed is a mere simulation. In the alternative, de-. fendant averred that plaintiff’s title must fall, because defendant had acquired the property from Dan Hall on December 17, 1926, by a deed, duly recorded December 20, 1926, in which, although the beginning point is erroneously stated, the property is nevertheless reasonably identified by references to other recorded deeds and mortgages; that plaintiff had both actual and constructive notice from the public records that defendant had previously acquired title to the property and that he was in possession as owner thereof by virtue of his recorded title. Defendant prayed that his vendor, Dan Hall, be made a party to the suit; that the error in his deed be corrected; that plaintiff’s demands be rejected; and, in the alternative, for judgment against his warrantor.
 

 The court below rendered judgment in favor of plaintiff against defendant, and in favor of defendant against his warrantor. The defendant has appealed.
 

 The deed from Dan Hall to the plaintiff recites a cash consideration of $1,250 for the ■ transfer of the property. The testimony adduced on the trial of the case shows that the real consideration for the transfer consisted in part in the discharge of a debt due by the vendor to the vendee; in part by the assumption by the vendee of a debt due by the vendor to a third person; and in part by the unsecured promissory note of the vendee in 'an amount sufficient to make up the difference of the purchase price. In these circumstances, the defense that the sale was a simulation cannot be sustained, and this is-so, notwithstanding that the consideration for the transfer was much less than the actual value of the property, which is in excess of $2,000.
 

 The remaining question for decision, there^ fore, is whether plaintiff is bound by .the prior conveyance of the property by his vendor to the defendant, notwithstanding the error in the description contained in the latter’s deed? We think that he is. On December 17, 1926, Dan Hall, the common author of the parties, transferred to the defendant, John J. Long:
 

 “A certain tract of land particularly described as follows: Beginning at the southwest corner of the northwest quarter of section 30, township 14 north, range 14 west; thence north 32 chains; thence west 20 chains; thence south 32 chains; thence east 20 chains to place of beginning, containing 64 acres, more or le.ss, together with the buildings and improvements thereon. See Book 23, folio 194, and Book 30, folio 187 of the Conveyance Records of De Soto Parish, La.”
 

 The sale was made in consideration of the assumption on the part of the vendee of'a mortgage for $2,200, recorded in Mortgage Book 27, folio 530, dated November 29, 1925, and bearing against the property conveyed. The act of sale from Dan Hall to the defendant John J. Long was recorded on January 18, 1927, in the Book of Conveyances No. 79,' folio 119.
 

 On September 26,19Ó8, J. J. Hollingsworth sold to William Harris, Jerry Thomas, Dan Hall, and Jesse Morgan (acquiring an undivided one-fourth interest each) certain 'tracts' of land lying in sections 19 and 30, township-14 north, range 14 west, parish 'of De Soto.'
 
 *1087
 
 This deed was recorded in the Conveyance Records of the Parish in Book 23, folio-191, on December 17, 1908.
 

 On December 22, 1911, Wiliam Harris, Jerry Thomas, Dan Hall, and Jesse Morgan executed an act of partition in kind among themselves of certain portions of the property owned by them in indivisión. By virtue of this partition, Dan Hall acquired in full ownership the tract of land as described and claimed in plaintiff’s petition. The act of partition was registered in the Conveyance Records of the Parish in Book 30, folio 187, on December 22, 1911.
 

 In the mortgage and in the sale from Dan Hall to John J. Long, the property mortgaged and sold was inadvertently described as beginning at the “southwest” corner instead of at the “southeast” comer of the quarter section. Nevertheless, in the act of mortgage following the description appears the following declaration, viz.: “For mortgagor’s title see Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, Louisiana” — and in the act of sale in connection with the description, as hereinabove quoted, appears the following caution, viz.: “See Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, La.”
 

 • Plaintiff’s contention, briefly stated, is that the description of the property set forth in the deed from Hall to Long is certain and unambiguous, and is not qualified or amended so as to operate against third persons by the words: “See Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, La.”
 

 It cannot be disputed that it was the intention of Dan Hall to sell and of John J. Long to purchase the property described in plaintiff’s petition, and of which the purchaser is now in possession. The question then is, Does the act of sale between the parties carry their intention into effect, and particularly in such manner as to convey the information to third persons dealing on the face of the records?
 

 A reference to the act of sale shows that the description of the property is accompanied by the legend, “See Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, Louisiana.” Matters referred to are regarded as actually inserted in a deed. Yerba relata hoc máxime oporantur per referentiam ut in eis inesse videntur. The words composing the legend were inserted in the act of sale ex industria, and cannot be rejected as superfluous. They have a technical meaning, well known in conveyancing and to the examiners of titles to real property in this state. The words, or words of similar import, are inserted in deeds evidencing the transfer of real estate, out of an abundance of caution, to supplement the description of the property conveyed and to disclose the nature of the vendor’s title.
 

 In Lawler v. Bradford, 113 La. 415, 37 So. 12, the court held that — ■
 

 “Where reference is made in an act of sale of real estate to the title under which the vendor holds, both acts should be consulted, and taken together, to ascertain the true description of the property.”
 

 The controversy there was between parties claiming from a common author. In Frantom v. Nelson, 142 La. 850, 77 So. 767, the court also held to the same effect. The controversy there was between the heirs of the original owners and the successor through mesne conveyances of the original owner; no third person’s right having intervened. The doctrine announced by the cited decisions is binding in every case, however, on third persons as well as the original parties since the true description of the property conveyed can only be ascertained from an examination of both acts of sale, as duly recorded in the parish records — the one by which the property is actually conveyed; and . the other, to
 
 *1089
 
 which reference is made, under which the title is held by the vendor. If such examination had been made by the plaintiff here, it is clear he would not have been misled as to the true description of the property he was seeking to acquire from Dan Hall.
 

 In Smith & Sons v. Baham, 157 La. 524, 102 So. 657, a judgment creditor holding a judicial mortgage sought to obtain the cancellation of a prior conventional mortgage, on the ground that the description was insufficient to effectuate a valid mortgage and to serve as notice to third persons. A portion of the property mortgaged was described as being “22 acres of land in St. Tammany parish, near Madisonville, section.-, Tp. 7, R-, same land acquired from Theodore Dendigen.” The court said:
 

 “ * * * The name of the person from whom Baham acquired each tract is specially referred to in the act of mortgage. It is conceded that the titles by which Baham acquired the several tracts were extant upon the public records of the parish.”
 

 And the court held:
 

 “All of which facts, taken in connection with the recitals of the mortgage and the title papers of record in the parish where the land is situated, furnish ample means of identification, and were sufficient to serve as notice to third persons dealing with Baham.”
 

 The case of McDuffie v. Walker, 125 La. 152, 51 So. 100, is not pertinent, because the question at issue is not whether the actual notice of plaintiff of the true description of the property is equivalent to registry, but whether the parish records furnished ample means of identifying the property and were sufficient to give reasonable notice to third persons dealing with Dan Hall.
 

 Nor do we find the cases of Mendelsohn v. Armstrong, 52 La. Ann. 1300, 27 So. 735; Bender v. Chew, 129 La. 849, 56 So. 1023, and Haas v. Fontenot, 132 La. 812, 61 So. 831, appropriate to the case at bar. In the first of ■ these cases, the decision rested, finally, not on the original title, but on the prescriptive title set up by the plaintiff. In the second ease, the question at issue appears to have arisen over the omission of 40 acres of land rather than over an inaccurate description. The court held that reference to the total acreage in the prior deeds was the weakest method of identifying and describing land, and was insufficient to put third persons examining the records on notice, since the ownership of laiid so described can be ascertained only by a survey — a means beyond the recorded title. In the third case, the decision was predicated solely on the fact that the reference in the deed was to an
 
 unrecorded
 
 receiver’s receipt, which had no effect as against third persons. Inferentially, the ease is in line with Lawler v. Bradford, Frantom v. Nelson, and Smith & Sons v. Baham, referred to supra, since, if the receipt in question had been recorded in the parish records, it clearly appears from the expressions in the opinion that the court would have reached a different conclusion.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that plaintiff’s demand be rejected at his costs. It is further ordered and decreed that there be judgment in favor of defendant John J. Long against plaintiff Elmo P. Lee and against Dan Hall on the call in warranty herein, correcting and reforming the act of sale from Dan Hall to John J. Long, of date December 17, 1926, so as to make same describe the property conveyed as follows, viz.:
 

 A certain tract of land particularly described as follows: Beginning at the southeast corner of the northwest quarter of section 30, township 14 north, range 14 west; thence north 32 chains; thence west 20 chains; thence south 32 chains; p thence east 20 chains to place of beginning containing sixty-four (64) acres, more or less, together with the buildings and improvements thereon. See Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, Louisiana,
 

 ■ — and recognizing defendant John J. Long to be the true and lawful owner thereof.