(121 So. 752)

No. 28465.

**BALL et al. v. PRICE et al.**

Feb. 11, 1929. On Application for Rehearing March 25, 1929.

Overton & Hunter, of Alexandria, for appellants.

B. T. Dawkins and W. C. Roberts, both of Alexandria, for appellees.

BRUNOT, J. This is a petitory action. The petition also contains a moneyed demand for the value of certain timber the defendants are alleged to have cut and removed from the land.

The property sued for is described as follows:

"All of Section 27, Township 5 North, Range 1 East, lying South of Beaver Creek, Rapides Parish, Louisiana."

Plaintiffs pray to be decreed the owners of and entitled to the possession of said land and for a judgment, in solido, against the defendants, for $1,400, with 5 per cent. per annum interest thereon from judicial demand, and for costs.

There are two defendants, viz. James Monroe Price and H. D. Foote Lumber Company, Inc. The defendants deny the plaintiffs' alleged ownership of the property. Defendant Price affirmatively alleges ownership and possession of the land, and the H. D. Foote Lumber Company alleges ownership and possession of the timber on the land. Both allege continuous, open, and uninterrupted possession, through themselves and their authors in title, of the respective property claimed by them, for more than thirty years, and both plead estoppel and the prescriptions of ten and thirty years in bar of the plaintiffs' claims.

The case was tried on the issues stated, and, from a judgment in favor of defendants and against the plaintiffs, rejecting the plaintiffs' demands and dismissing the suit at their cost, decreeing James Monroe Price to be the owner and entitled to possession of the land, and decreeing the H. D. Foote Lumber Company, Inc., to be the owner and entitled to possession of the timber on the land, the plaintiffs appealed.

Plaintiffs and defendants trace their respective claims of title to a common author. They allege that the property sued for was a part of the community of acquêts and gains existing between Asa Bell and his wife, Mrs. Charlotte Bell, and that Asa Bell died intestate, leaving Mrs. Charlotte Bell, his surviving widow in community, and several children, as his sole heirs.

The chains of title under which the plaintiffs and defendants claim ownership of the property is clearly set forth in the transcript.

The record shows that in a recorded act of partition executed by Mrs. Charlotte Bell, widow of Asa Bell, and all of the children and sole heirs of Asa Bell, which act was recorded October 17, 1910, Mrs. Charlotte Bell acquired the following property:

"All the remaining portion of Section 27, Township 5 North, Range 1 East, lying South of Beaver Creek, being the remainder of the Thomas Nugent Tract."

Mrs. Charlotte Bell died intestate, and, by acts of record dated August 2, 1919, April 10, 1922, April 19, 1922, October 5, 1922, January 3, 1923, August 21, 1924, and August 16, 1924, the heirs of Mrs. Charlotte Bell, deceased, sold and conveyed to plaintiffs all of their undivided interest in and to the following property:

"All of Section 27, Township 5 North, Range 1 East, lying south of Beaver Creek, being the remainder of the Thomas Nugent Tract."

The description of the property in the plaintiff's chain of title from Asa Bell to plaintiffs is, in each transfer thereof, a precise and accurate description of the land sued for.

The defendants are claiming under a deed from the widow and heirs of Asa Bell to Ste-

phen J. Sasser, and through mesne conveyances from Stephen J. Sasser to defendants. The property which the widow and heirs of Asa Bell sold to Stephen J. Sasser is described as follows:

"One hundred twenty-five acres of land lying, being and situated on Bayou Flaggon, Rapides Parish, Louisiana, in Section Twenty-five (25) and Twenty-six (26), township five North Range One East, North of Red River, together with all the buildings and improvements thereon, rights, ways and privileges thereto belonging, and bounded on the East by lands of S. M. Price, West by public lands, South by lands of Wesley Barron, North by Beaver Creek and Mrs. Charlotte Bell, and being a portion of the lands belonging to the estate of Asa Bell and Mrs. Charlotte Bell, his widow, and known as the Thomas Nugent Tract, and being the same property acquired by Donaldson Price from Mrs. Charlotte Bell, as per act of sale passed before James R. Waters on the 1st day of April, A. D., 1882, and afterwards sold by Donaldson Price to James Stewart, who is now in possession of said land without any written deed or title, who also appears to confer in and ratify this deed and title, with full and complete guarantee against the claims of any and all former owners."

This sale is dated November 24, 1896. It was recorded January 8, 1897. On November 29, 1905, Stephen J. Sasser sold the same property to Robert Aaron, bounding it, however, in the description in this deed, by lands of Lorena Nugent on the west instead of by public lands, which is given as the western boundary in the deed by which he acquired it. On the same day, Robert Aaron sold the property back to Stephen J. Sasser. The description in the deed from Aaron to Sasser is the same as the description in the deed from Sasser to Aaron, except as to the eastern boundary. In the deed from Sasser to Aaron, the land is bounded on the east by S. M.

Price, but in the deed from Aaron to Sasser it is bounded on the east by Mrs. A. M. Price, On August 5, 1909, Stephen J. Sasser sold the property to Charles Claremont. In this deed the land is bounded on the east by S. M. Price and on the west by Henry Sasser. On October 26, 1910, Charles Claremont sold the same property to James Monroe Price, one of the defendants. On March 6, 1924, James Monroe Price sold all of the pine timber, including poles and tie timber on the land, to Thomas L. Owen, who, in a declaration and transfer executed before B. T. Dawkins, notary public, and recorded May 2, 1924, acknowledged and declared the H. D. Foote Lumber Company, Inc., to be the true and lawful owner of said pine timber, poles, and tie timber.

Defendants contend that the deed from the widow and heirs of Asa Bell to Stephen J. Sasser, which antedates the act of partition between the said widow and heirs of Bell, identifies the land conveyed by it, as being the land sued for by plaintiffs; that it was a deed translative of the property; and that its recordation was sufficient notice to third persons or subsequent purchasers of such a conveyance. They also contend that, as the widow and heirs of Asa Bell were the vendors in the act of sale by which Stephen J. Sasser acquired the land, they and their heirs are estopped from attacking that deed, and, as the deed was translative of the property, defendants had acquired it, through their own and the possession of their authors in title, by the prescription of ten years. Defendants also plead the prescription of thirty years, but, we will say here that the record shows that the property was woodland, that the author of defendants' chain of title could not have possessed it prior to January 8, 1897, the date the deed from the widow and heirs of Asa Bell to him was filed for record, and, as this suit was instituted September 23, 1924, well with-

in the prescriptive period, the plea passes out of the case. We will add that, before the prescription of ten years acquirendi causa can be successfully invoked, the pleader must show that he holds under a title sufficient to transfer the ownership of the property. R. C. C. art. 3485. In the case of Castera's Heirs v. New Orleans Land Co., 125 La. 877, 51 So. 1021, this court said (quoting from the syllabus):

"In order to acquire property by means of the prescription of 10 years, it is necessary that the one pleading this prescription should possess by a title translative of property, and one of the essential requisites of this title is that it should correctly and properly describe the land so as to identify it."

In the body of the opinion the court also said:

"If one takes possession of a tract of land under a deed which does not contain a description sufficiently correct to enable an average surveyor, in point of ability, to identify it, he cannot claim to be a possessor in good faith."

██ If the deed from the widow and heirs of Asa Bell to Stephen J. Sasser does not correctly describe the land conveyed by it as being the land involved in this suit, then the defendant, James Monroe Price, cannot support the title he acquired from Charles Claremont, by the prescription of ten years, because his deed contains the same description, except for the minor discrepancies in the boundaries, noted supra, as the Stephen J. Sasser deed.

The Sasser deed describes the land conveyed to him as being 125 acres on Bayou Flaggon, in sections 25 and 26, township 5 north, range 1 east, bounded on the east, by lands of S. M. Price, west by public lands, south by lands of Wesley Barron, and north by Beaver creek and Mrs. Charlotte Bell. The land which Mrs. Charlotte Bell acquired in the act of partition between herself and the children of Asa Bell, lies wholly in section 27 of the same township and range, and is bounded on the north by Beaver creek, while sections 25 and 26 surround it on the other three sides. Beaver creek meanders across the three sections and Bayou Flaggon meanders across section 26 a very appreciable distance below the southern boundary of section 27. From the section numbers and the boundaries given in the Sasser deed, it seems to us apparent that the Sasser deed conveyed all of the land in sections 25 and 26 between Bayou Flaggon and Beaver creek, and nothing more. As the Charlotte Bell land is in section 27, with Beaver creek as its northern boundary, and as the property described in the Sasser deed extends along Bayou Flaggon south of section 27 and north on both sides of that section to Beaver creek, the Sasser deed accurately bounds the property in sections 25 and 26 lying between Bayou Flaggon and Beaver creek. The designated sections and natural boundaries are controlling declarations in a deed to land.

The Sasser deed describes the land as "being a portion of the land belonging to the estates of Asa Bell and Mrs. Charlotte Bell, his widow, and known as the Thomas Nugent Tract." The record shows that Asa Bell and his widow owned a large quantity of land outside of section 27, in Rapides Parish. It is admitted that the tract books in the United States Land Office at Baton Rouge, show a Commissioner's certificate dated June 7, 1811, to Thomas Nugent, covering section 27, township 5 north, range 1 east, containing 507.91 acres, but it is also admitted that there is *nothing of record in Rapides Parish* to show that Thomas Nugent, at any time, owned any part of section 27; therefore the declaration in the deed to Sasser that the property conveyed by it was "known as the Thomas Nugent Tract" was no notice to third persons.

In the case of Haas v. Fontenot, 132 La. 812, 61 So. 831, the syllabus, which concisely gives the text of that opinion, is as follows:

"A duly recorded sale of the N. E. ¼ of the N. E. ¼ of section 23 conveys no notice to third persons of the intention to sell the S. E. ¼ of the N. E. ¼, section 23; and a reference in the deed to an unrecorded receiver's receipt has no effect against third persons.

"Latent misdescriptions in a deed of sale cannot be corrected to the prejudice of a subsequent purchaser, buying on the faith of the record. Under the Civil Code and jurisprudence of this state notice is not equivalent to registry."

We do not consider it necessary to review the authorities relied upon by plaintiffs' counsel, but will cite the following: Bender v. Chew, 129 La. 849, 56 So. 1023; Sentell v. Randolph, 52 La. Ann. 52, 26 So. 797; Roussel v. Railways Realty Co., 132 La. 379, 61 So. 409, 833; Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225.

For the reasons stated, we are of the opinion that judgment should have been rendered in favor of the plaintiffs and against the defendants, overruling the defendants' plea of estoppel and prescription and decreeing the plaintiffs to be the owners of and to be restored to the possession of the property sued for.

This conclusion leaves only the plaintiffs' moneyed demand to be considered. Plaintiffs' counsel, in their brief, accept, as the actual quantity of timber cut on the land, the quantity shown by defendants' scale thereof. This scale shows a total of 18,884 feet, and it appears from the record that the timber had a stumpage value of $5 per thousand feet, or $944.20.

It is therefore decreed that the judgment appealed from be avoided and reversed, and it is now decreed that defendants' plea of estoppel and pleas of prescription be overruled. It is further decreed that plaintiffs be recognized as the owners of and that they be restored to the possession of the following described property: "All of Section 27, Township 5 North, Range 1 East, lying south of Beaver Creek, Rapides Parish, Louisiana."

It is further decreed that there be judgment in favor of plaintiffs and against the defendants, James Monroe Price and the H. D. Foote Lumber Company, Inc., in solido, for $944.20, with legal interest thereon from judicial demand, and for costs.

O'NIELL, C. J., dissents.
OVERTON, J., recused.
THOMPSON, J., takes no part.

On Applications for Rehearing.

PER CURIAM. Both plaintiffs and defendants have filed applications for rehearing in this case.

The only error that we find in our original opinion and decree consists of a miscalculation as to the price of 18,884 feet of timber at $5 per thousand feet, for which judgment is rendered in favor of plaintiffs in the sum of $944.20, when manifestly the amount which plaintiffs are entitled to recover is $94.42.

It is therefore ordered that both applications for rehearing be overruled; that our former decree be amended and corrected by substituting therein the figures $94.42 in lieu of the figures $944.20; and, as thus amended and corrected, that said decree stand as the final judgment of this court.