## KAUFMAN v. ARKANSAS FUEL OIL CO.
### Civ. A. No. 615.

District Court, W. D. Louisiana, Shreveport Division.

April 8, 1942.

A. B. Freyer and A. B. Freyer, Jr., both of Shreveport, La., for plaintiff.

H. C. Walker, Jr., Robert Roberts, Jr., and George Conger, all of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiff sues for an accounting of the oil and gas produced from the SW¼ of SW¼ of Section 12, Tp. 10, N. R. 2 E., and to be recognized as the owner of a one-fourth interest in all of the minerals in and under said tract. She is therefore the plaintiff in a petitory action which requires her to make out a title superior to all others. There is attached to the petition all of the deeds or titles

affecting plaintiff's rights, as well as those of the defendant. It alleges that the original document by which she acquired the interest claimed was described as "being the *SE¼* of the SW¼ of said Section", but that the "description was in error and both parties intended to describe", and, in effect, did describe the land as "*SW¼* of SW¼" in that the "interest sold * * * was described as having been acquired from Y. W. Flowers under act dated June 30, 1926 * * * which instrument is attached and made part hereof by reference"; and further, that subsequent to the death of the vendor, H. M. Henshaw, his heirs had executed a correction which admitted that he "had intended, and, in effect, did convey" a one-fourth interest in the minerals in the *SW¼* of the SW¼ of the said section.

Defendant has moved to dismiss the complaint for the reason that it "fails to state a claim against defendant upon which relief can be granted."

Oral arguments and briefs appear to agree that by attaching both her own chain of title and that of the defendant to the petition, plaintiff has furnished all of the evidence necessary to determine this issue of law as to whether any relief can be granted. These documents, in the order of their dates, are as follows:

1. June 30, 1926, a deed from Y. W. Flowers to H. M. Henshaw covering "a one-half (1/2) interest in and to all the oil, gas and other minerals in *SW¼* of SW¼ of Section 12, Tp. 10, N. R. 2 E.; recorded in Book N, p. 292 of the records of LaSalle Parish";

2. February 15, 1927, a deed from H. M. Henshaw to Mrs. H. C. Kaufman (plaintiff) to an undivided one-half interest in the minerals in and under *SE¼* of SW¼ of said section (recordation not shown on the annexed copy);

3. (a) March 21, 1940, mineral lease from the heirs of H. M. Henshaw, deceased, to Arkansas Fuel Oil Company, covering E½ of NE¼, SE¼ of NE¼; N½ of NE¼ of SE¼; and also "the SW ¼ of SW¼; all in Section Twelve (12), Tp. Ten (10), North Range Two (2) East"; (b) April 2, 1940, "amendment and modification of" said mineral lease with respect to date of drilling, etc.; both recorded in Book 6, p. 363 of the records of LaSalle Parish on April 8, 1940; and

4. Agreement dated "—— day of March, 1941" between the plaintiff and the widow and heirs of H. M. Henshaw purporting to convey a one-fourth interest in the minerals in and under SW¼ of SW¼ of Section 12, the property in dispute here. It will be noted that this was not a correction deed, but a compromise in which the respective contentions were recited as to the act executed in 1927, and whatever interest remained in the heirs of Henshaw was quitclaimed to plaintiff.

## Opinion.

The question is, as to whether the deed to the one-fourth mineral interest by Henshaw to Mrs. Kaufman, plaintiff, of February 15, 1927, on its face, and the reference therein to the source of the former's title, constituted notice to defendant, or anyone else dealing with the property, that it was intended to convey the *SW¼* of SW¼ of Section 12, instead of the *SE¼* of SW¼ therein actually described. In argument and brief, plaintiff seems to concede that but for the reference in this conveyance as to the source of Henshaw's title, defendant's claim would be superior. In that document, Henshaw declared: "(1) that he had acquired from Y. W. Flowers, under act dated June 30, 1926, an undivided one-half (1/2) interest in and to all the oil, gas and other minerals in and under or that may be produced from the following described lands situated in LaSalle Parish, to-wit"; and here follows the description placing it in the *SE¼* of the SW¼ of the section.

It is well settled in Louisiana that a purchaser need look only to the conveyance records for evidence of title to real property and can not be bound by any thing dehors that record or contained in unrecorded instruments. R.C.C. Art. 2266; McDuffie v. Walker, 125 La. 152, 51 So. 100; Roberts v. Edwards, 126 La. 194, 52 So. 272; Herndon v. Wakefield-Moore Realty Company, 143 La. 724, 79 So. 318; Nilson v. Brinkerhoff, 146 La. 697, 83 So. 902; Ball v. Price, 168 La. 226, 121 So. 752; Rigolets Cooperative Fur Company v. Delaware-Louisiana Fur Trapping Company, 177 La. 819, 149 So. 465; Bergeron v. Louisiana Land & Exploration Company, 5 Cir., 95 F.2d 47; Blevins v. Sun Oil Company, 5 Cir., 110 F.2d 566.

However, it is the contention of the plaintiff that the present case falls within the doctrine of Lee v. Long, 166 La. 1084, 118 So. 320, 321, and the cases therein cited. In that case, the description of the

property included in the mortgage of the defendant erroneously described it as beginning at the "Southwest" corner, instead of the "Southeast" corner of a certain quarter section, but in addition, it recited "for mortgagor's title see Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of DeSoto Parish"; and in the deed by which the mortgagor had acquired it, the description was the same, but also contained the reference "See" the same books and the same pages of the conveyance records just mentioned. The cases cited and relied on by Mr. Justice Rogers, as the organ of the court, were Lawler v. Bradford, 113 La. 415, 37 So. 12; and Smith & Sons v. Baham, 157 La. 524, 102 So. 657, 658.

Taking up these last two cases in the order of their decision, we find that in Lawler v. Bradford, the description of the property was by metes and bounds with respect to adjoining owners who were named, and in addition, the deed recited it was the same property acquired by the vendor from a named person "by act of sale * * * duly recorded in Conveyance Book B, No. 3, pp. 37 and 38 Records of St. Landry Parish"; and, in another instance as "the same property acquired by Act No. 14,370 of record", both of which identified the particular conveyance referred to so that it might be readily located on the record.

In Smith & Sons v. Baham, the contract was described as "(1) 22 acres of land in St. Tammany parish, near Madisonville, section ——, Tp. 7, R. ——, same land acquired from Theodore Dendingen", and in disposing of the matter, the court through Justice Thompson said:

"The mortgage under consideration, in our opinion, meets the requirements of the foregoing quoted article. The nature of the property is stated to wit: Lands; and the situation of the land is described, while not entirely, completely, and accurately, yet with such degree of particularity as to leave no doubt as to the property intended to be mortgaged. The number of acres is given. The location by section, township, and range is stated, except as to the small tract of 22 acres; and the name of the person from whom Baham acquired each tract is specially referred to in the act of mortgage. It is conceded that the titles by which Baham acquired the several tracts were extant upon the public records of the parish. A considerable part of the land was under fence and in cultivation.

"All of which facts, taken in connection with the recitals of the mortgage and the title papers of record in the parish where the land is situated, furnish ample means of identification, and were sufficient to serve as notice to third persons dealing with Baham."

It will be noted that in each of these cases, the description was either uncertain or ambiguous, and the reference was to the titles by specific calls of book and page in the records (except in Smith & Sons v. Baham), which made it possible to identify beyond question the property intended from the record without outside help. In the Baham case, the description was a part of a large tract covered by the mortgage, and under which the mortgagor was in physical possession, and as between the mortgagee and the subsequently recorded judgment, it was found that this was sufficient to identify the whole as covered by the mortgage.

On the other hand, in the present case, the parties are claiming interests in the minerals which, under the State law, amounts to a servitude only; and while the interest of the plaintiff, as described in her deed, is a definite fraction of a governmental subdivision, to-wit, the SE¼ of the SW¼ of Section 12, that of the defendant is also accurately described as the SW¼ of the SW¼ of the same Section, and the only similarity to the cited cases is that the parties traced their titles to a common author, H. M. Henshaw, or his heirs. Neither requires any aid by reference to other records to clarify or identify it for the description is complete within itself. The reference in plaintiff's title to the fact that Henshaw had "acquired from Y. W. Flowers, under act dated June 30, 1926", the SE¼ of the SW¼, did not serve to put on notice one who was purchasing the SW¼ of the SW¼. Defendant was offered and accepted its lease by the heirs of Henshaw, which included this 40 along with another 100 acres in the same section herein above described.

In tracing Henshaw's title, defendant would have found that he had acquired title from Flowers to the 40 in dispute, and further that he had not disposed of it. It is true that there was of record the deed by Henshaw to plaintiff, but, as stated, it included another, that is SE¼ of SE¼. Can it be said that a third person who is

bound by the conveyance records only, when confronted with a situation such as this, that is, where the proposed seller appears to have a valid title of which he has not disposed, must assume that a transaction with someone else covering a clearly described, different tract, meant to convey the parcel which he, the third person, proposed to buy, simply because reference is made to the person from whom the former was purchased, and the deed happened to be dated on the same day as the act covering the 40 acres in question was acquired? Would it not be more reasonable to say that the proposed purchaser under those circumstances might assume that the seller had acquired the other tract, previously disposed of, by some title which he had not recorded? Otherwise, instead of being entitled to rely upon what the record disclosed, a purchaser would be required to take notice of a reference simply to the name and date, without tying it to a particular number and page, as controlling over the positive calls of the records themselves, complete and without ambiguity. I do not believe that the law of Louisiana goes this far or that its courts, when confronted with such a situation, will so hold.

■ In the document relied upon by the plaintiff, as a correction by the heirs of Henshaw of her title and to show that it was the intention to convey a one-fourth interest in the SW¼ of the SW¼ of Section 12, it was recited that the present plaintiff contended that this was the intention of the parties, but· that the "second parties (heirs of Henshaw) without admitting the correctness of this contention * * *, but on the contrary expressly denying it," for the purpose of settling their differences with the plaintiff in regard to the mineral interest acquired by her, agreed, "to compromise their said differences" by declaring that they did "renounce, abandon and quitclaim wholly without warranty of title * * * an undivided one-half interest in and to all the oil, gas and other minerals in and under" the said SW¼ of the SW¼ of Section 12, and in consideration for which plaintiff declared that she had renounced and abandoned any claim against the heirs of Henshaw on account of the warranty implied in the deed of February 15, 1927, conveying the SE¼ of the SW¼ of said section. Of course, this subsequently executed "compromise" could in no sense affect the defendant, but it shows that the heirs of Henshaw were not willing to admit that their ancestor intended to convey an interest in the property in question.

My conclusion is that the documents annexed to plaintiff's petition and which control, disclose that, as a matter of law, she could not recover and for which reason, the complaint should be dismissed.

Proper decree should be presented.