KAUFMAN v. ARKANSAS FUEL OIL CO.

No. 10399.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1943.

A. B. Freyer and A. B. Freyer, Jr., both of Shreveport, La., for appellant.

George Conger, Robert Roberts, Jr., and H. C. Walker, Jr., all of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Claiming to own an undivided one-fourth interest in the oil, gas, and other minerals in and under the SW¼ of the S W¼ of Section 12, Township 10 North, Range 2 East, Mrs. W. C. Kaufman filed an action for accounting for oil and gas produced from the land by Arkansas Fuel Oil Company, which claimed the mineral rights under a lease from the heirs of H. M. Henshaw, deceased. All deeds and instruments of title affecting the rights of the parties were attached to the complaint. The trial court found that the attached documents disclosed, as a matter of law, that Mrs. Kaufman could not recover against Arkansas, and, except as to a matter not here material, entered a judgment dismissing the complaint. The facts are stated in detail in the reported opinion of the court below. Kaufman v. Arkansas Fuel Oil Co., D.C., 44 F.Supp. 36.

Mrs. Kaufman claims title under a recorded deed from H. M. Henshaw, dated February 15, 1927. She says that through error this instrument described the land involved as the SE¼ of the SW¼ instead of the SW¼ of the SW¼; and that appellee had notice of such error because the conveyance to her made reference to the source of Henshaw's title in these words:

"That he acquired from Y. W. Flowers, under act dated June 30, 1926, undivided one-half interest in and to all of the oil, gas and other minerals in and under, and that may be produced from, the following described lands in LaSalle Parish, Louisiana, to-wit: The Southeast Quarter of the Southwest Quarter (SE¼ of SW¼) * * *"

This reference to the acquisition from Flowers made no mention of the records where such conveyance could be found, and we agree with the trial court that such historical reference to the source of title was not sufficient under Louisiana law to put the purchaser on notice that Henshaw had only acquired title to the SW¼ of the SW¼ from Flowers, and that such property was the intended subject of the conveyance from Henshaw to Kaufman. The deed from Henshaw to Kaufman clearly, unambiguously, and by definite description purported to convey the SE¼ of the SW¼. The public records did not disclose a conveyance of the SW¼ of the SW¼ by Henshaw, and record title to this property was not transferred to any third person until Henshaw's heirs executed the lease to Arkansas in 1940. It is settled law in Louisiana that a purchaser of such property as this need look only to the conveyance records, and is entitled to rely absolutely on their disclosure. He cannot be bound by anything dehors those records or contained in unrecorded instruments. The records alone speak, and no other notice will do. Rev.Civ.Code La. Art. 2266; McDuffie v. Walker, 125 La. 152, 51 So. 100; Blevins v. Sun Oil Co., 5 Cir., 110 F.2d 566; Bergeron v. Louisiana Land & Exploration Co., 5 Cir., 95 F.2d 47; Kaufman v. Arkansas Fuel Oil Company, D.C., 44 F.Supp. 36, and cases cited. The conveyance records disclosed a conveyance to Mrs. Kaufman of the SE¼ of the SW¼, and Arkansas was entitled to prevail in this action which involved the SW¼ of the SW¼, an altogether different parcel of land.

Appellant further says that Arkansas never acquired the disputed interest in the minerals for the reason that the conveyance from the Henshaw heirs was only "all of their undivided interest in and to" the described property. It is contended that the Henshaw heirs knew at the time they executed the lease to Arkansas that Mrs. Kaufman owned the undivided one-fourth interest now claimed; that they later recognized this interest by execution of a conveyance to her; and that the words "all of our undivided interest" shows that they were claiming "less than 100% of the interest in the property", and were attempting to convey to Arkansas less than their apparent full interest in the SW¼ of the SW¼. The limitation of warranty and use of the words "all of our undivided interest" did not operate to reduce the purchaser's acquisition of whatever title was disclosed by the public records. Read v.

Hewitt, 120 La. 288, 45 So. 143; Perkins v. Wisner, 171 La. 898, 906, 132 So. 493. The subsequent conveyance by the heirs to Mrs. Kaufman could not affect the title already acquired by Arkansas.

The judgment of the lower court is in accord with Louisiana law.

Affirmed.