BARBARA LENNARTZ

*v.*

KATE F. QUILTY *et al.*

*Opinion filed June 19, 1901.*

1. MORTGAGES—*effect of release of trust deed without consent of cestui que trust.* The release of a trust deed by the trustee without authority and without the payment of the note secured thereby does not discharge the lien as between the original parties, nor as to subsequent purchasers chargeable with notice of breach of trust.

2. RECORDING LAWS—*purchaser may rely upon records in absence of other notice.* Public records of conveyances and instruments affecting the title to real estate are established by statute to furnish evidence of such title, and a purchaser may rely upon such records in security, unless he has notice or is chargeable with notice of some title, claim or conveyance inconsistent therewith.

3. SAME—*purchaser need not inquire whether note secured by released trust deed has been paid.* In the absence of any notice or ground of suspicion it is not the duty of a purchaser to obtain an admission of payment from the holder of a note secured by a trust deed regularly released of record.

4. NOTICE—*what not a circumstance to excite inquiry as to validity of release.* That a release of a trust deed is recorded before five years after date of the note secured by the deed, at which time it would be absolutely due, is not a circumstance to excite inquiry, where the note is payable, at the option of the makers, on or before five years after date.

5. EVIDENCE—*when an abstract of title is admissible in evidence.* In order to show good faith upon the part of the purchaser of property it is proper to admit the abstract of title in evidence, in connection with the testimony of the attorney who examined it, to prove that the purchaser relied upon the record and the written opinion of the attorney as to the state of the title.

*Lennartz* v. *Quilty*, 92 Ill. App. 182, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

F. P. READ, for appellant:

The court erred in dismissing appellant's bill and amended bill for want of equity, and in not decreeing foreclosure as prayed for therein.

Notes payable "on or before" a fixed time have been held to be negotiable, and not to be due before the expiration of the time particularly named. 11 L. R. A. 748, and cases cited; 4 Am. & Eng. Ency. of Law, (2d ed.) 92; *Mattison* v. *Marks*, 31 Mich. 421; *McCarty* v. *Howell*, 24 Ill. 341; *Cisne* v. *Chidester*, 85 id. 523; *Hunter* v. *Clarke*, 184 id. 158; *Dorsey* v. *Wolff*, 142 id. 593.

Although such notes might be paid earlier than the particular date named, such earlier payment can only be regarded as "a payment in advance of the legal liability to pay." *Mattison* v. *Marks*, 31 Mich. 421.

Mrs. Quilty, at the time she bought the property from Behrend, having knowledge from the public records that appellant's note would not be due for nearly three and one-half years, must be regarded as charged with notice of the fraud about to be perpetrated upon her by Behrend. 1 Story's Eq. sec. 146; 8 Am. & Eng. Ency. of Law, 758;

*Anderson* v. *Warne,* 71 Ill. 22; 2 Perry on Trusts, (2d ed.) sec. 828; 1 Perry on Trusts, (2d ed.) sec. 217.

A release executed by the trustee in a deed of trust without the authority of the *cestui que trust* and without the payment of the debt secured thereby does not discharge the lien, and is void even against subsequent purchasers or mortgagees without notice. *Harris* v. *Cooke,* 28 N. J. Eq. 345; 1 Jones on Mortgages, (4th ed.) sec. 954, p. 920; *Lakeman* v. *Robards,* 9 Mo. App. 179; *Fidelity Co.* v. *Railroad Co.* 32 W. Va. 244; *Barbour* v. *Mortgage Co.* 102 Ill. 124; *Heyder* v. *Building Ass.* 42 N. J. Eq. 403; *Banking Co.* v. *Woodruff,* 1 Greene's Ch. 117; *Stiger* v. *Bent,* 111 Ill. 328; *Stockton* v. *Fortune,* 182 id. 462; *Land Co.* v. *Peck,* 112 id. 443; *Harrison* v. *Railroad Co.* 4 C. E. Greene, 488.

Cancellation of a mortgage on the record is only *prima facie* evidence of its discharge, and the owner may prove that the cancellation was done by fraud, accident or mistake; and if he does this, his rights under the mortgage will not be affected by its improper cancellation. *Stanley* v. *Valentine,* 79 Ill. 544; *Chandler* v. *White,* 84 id. 435; *Fidelity Co.* v. *Railroad Co.* 32 W. Va. 266.

KERR & BARR, (O'DONNELL & COGHLAN, of counsel,) for appellees:

The note held by appellant was payable on or before five years. It was therefore due, at the option of the maker, at any time. The release was regular in form and was acknowledged and recorded before Mrs. Quilty bought, and she and her heirs should be protected. *Mann* v. *Jummel,* 183 Ill. 523; *Carey* v. *Rauguth,* 82 Ill. App. 418.

The release of the trust deed which secured appellant's note was *prima facie* valid, and a purchaser had a right to rely upon the record. *Battenhausen* v. *Bullock,* 8 Ill. App. 312; *Ogle* v. *Turpin,* 102 Ill. 148; *Mann* v. *Jummel,* 183 id. 532; *Porter* v. *McNabney,* 77 id. 235.

The equity of Mrs. Quilty was at least equal to the equity of appellant. She got the legal title, and her

position is therefore superior to that of appellant. *Mann*
v. *Jummel*, 183 Ill. 531.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Nora Behrend, being the owner of certain real estate
in Chicago, on March 10, 1891, together with her husband,
Bernhard Behrend, conveyed the same by trust deed to
Hermann Felsenthal, trustee, to secure a note of said
grantor for $3000, due five years after date, payable to
their own order, and the note became the property of
Kaspar G. Schmidt. This trust deed was recorded March
12, 1891, and was the first lien on the premises. On May
2, 1892, said Nora Behrend and husband executed a sec-
ond trust deed conveying said premises to Peter Popp,
trustee, to secure their note for $3500, payable on or be-
fore five years after date, to the order of appellant. This
trust deed was recorded June 8, 1892, and was the second
lien. On May 9, 1893, Peter Popp, the trustee, executed
a release to the Behrends of the trust deed made to him
to secure appellant, and this release was recorded August
21, 1893. On December 23, 1893, Johanna Quilty purchased
the premises and received a warranty deed therefor from
said Nora Behrend and Bernhard Behrend, subject to the
encumbrance of $3000 by the trust deed to Felsenthal,
which was the only encumbrance of record. She was
furnished with an abstract of title to the premises and
caused it to be examined by an attorney, and it showed
title in Nora Behrend and that the trust deed to Fel-
senthal was the only encumbrance. The consideration
was $5600, of which she paid $2600 in cash, and as the
remainder of the consideration she assumed the encum-
brance of $3000. She had no knowledge or notice that
complainant's note had not been paid, and she purchased
and paid for the premises in good faith, relying upon the
public records, which showed the trust deed to Popp,
securing appellant, to have been released and discharged

of record four months previously. . The note of appellant was not, in fact, paid or surrendered to the makers. Bernhard Behrend continued to pay interest on the note until January, 1896, and appellant had no actual knowledge of the release until after that time. The note held by Schmidt, secured by the trust deed to Felsenthal, became due March 10, 1896, and Johanna Quilty took up the note, paying $300 in cash and giving a new note for $2700, secured by a new trust deed upon the premises to Felsenthal, who thereupon released the first trust deed.

On October 20, 1898, appellant filed her bill in the circuit court of Cook county against said Nora Behrend, Bernhard Behrend and Johanna Quilty and others, to foreclose the trust deed made to secure her. Popp was dead, and Anton Mach, his successor in trust, was made defendant. Johanna Quilty, Felsenthal and the executors of Schmidt, who had died, answered, setting up the facts of the release and purchase and the payment of the first lien above stated. Johanna Quilty died, and her heirs were made parties and are appellees. Said heirs filed their cross-bill, praying to be subrogated to the rights of Schmidt under the first trust deed, which was released upon the payment of $300 and giving the note and trust deed for $2700 in renewal. The executors of Schmidt also filed a cross-bill. The cross-bills were answered and the facts were proved to be as before stated, whereupon the circuit court dismissed the original bill at complainant's cost and also sustained demurrers to the cross-bills and dismissed them. Appellant removed the cause by appeal to the Appellate Court for the First District, where the decree was affirmed, and she prosecuted this further appeal to this court.

The release of the trust deed securing the note of appellant, by Popp, the trustee, was unauthorized, for the reason that the note was not paid. The appellant and Johanna Quilty both acted in good faith and were equally innocent, and the question is, who must suffer for the

wrong of the trustee and Bernhard Behrend, who procured the release? The release of the premises without payment of the debt did not discharge the lien as between the original parties, and would not discharge it as to any subsequent purchaser or mortgagee with notice of the breach of trust. The rights of appellant would be superior to any person chargeable with notice that the trust deed was released in violation of its terms. The public records of conveyances and instruments affecting the title to real estate are established by statute to furnish evidence of such title, and a purchaser may rely upon such records in security unless he has notice or is chargeable in some way with notice of some title, conveyance or claim inconsistent therewith. In this case there was no actual notice or knowledge, but Johanna Quilty, the purchaser, acted in entire good faith, and paid her money relying upon the record of the release made on May 9, 1893, and recorded August 21, 1893, showing the payment and the discharge of the lien. Having no such knowledge, she had a right to rely upon the record unless there was something to put a reasonable person upon inquiry whether there was some infirmity in the release. The only ground for claiming that she was affected with notice that the release was fraudulent is the fact that the note of appellant was payable on or before five years after date and five years had not elapsed after its date. Payment of the note could not be enforced against the makers until the expiration of the five years, when it would become due absolutely and at all events. The makers of the note, however, reserved the right to pay it before the end of that period, so that, as far as they were concerned, the note was payable at any time. Presumably, they reserved that right in view of some expectation or probability that they would desire to exercise it. The note being payable at any time at the option of the makers, and the record showing that the payment had been made and the trust deed regularly released, we do

not see how it could be said that Johanna Quilty should either presume or suspect that the makers of the note had not exercised their right and option to pay it. It is to be remembered that Johanna Quilty was a purchaser whose only duty was to ascertain the condition of the title, and she was under no obligation or duty to see that the note was paid or canceled. The recording laws are designed to afford protection to parties acting in good faith and relying upon them, and in the absence of any notice or ground of suspicion it is not the duty of a purchaser to obtain an admission of payment from the holder of a note secured by a trust deed regularly released of record. There was nothing in this case to give notice to Johanna Quilty that appellant had any lien upon the property, and she was protected by the record. *Ogle* v. *Turpin*, 102 Ill. 148; *Mann* v. *Jummel*, 183 id. 523.

It is alleged as error that the trial court admitted in evidence the abstract of title to the premises. It was admitted in connection with the testimony of the attorney who examined it, not to show title but to prove that Johanna Quilty relied upon the record and the written opinion of the attorney as to the state of the title, and it was competent to show good faith on her part.

The only other ruling complained of is that the court excluded testimony of the appellant and held it incompetent as against the heirs of Johanna Quilty. Her counsel asked her only one question, and that was whose property the $3500 note was. The note was payable to her order and there was no dispute about her ownership. There was no offer to prove anything else by her, and, whether the ruling was right or not, appellant was not harmed by it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*