(No. 18884.—

THEODORE N. VOMBRACK, Defendant in Error, *vs.* FRANK
WAVRA *et al.* Plaintiffs in Error.

*Opinion filed October 25, 1928.*

F. J. MANNING, and S. A. BLEISCH, (WARNOCK, WIL-
LIAMSON & BURROUGHS, of counsel,) for plaintiffs in error.

TERRY, GUELTIG & POWELL, for defendant in error.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

Max L. Goldberg and Phœbe Goldberg, his wife, on May 19, 1924, owned in joint tenancy lot 16, in block 4, in Maplewood subdivision, at Wood River, in Madison county. The lot was improved by a two-story brick house and was known as No. 217 Seventh street. The property was subject to an incumbrance to the Alton Building and Loan Association. On May 28, 1924, Goldberg filed his petition to be adjudged a bankrupt in the district court of the United States for the northern district of Illinois, eastern division, and in addition to certain personal property scheduled lot 11, in block 4, in Maplewood subdivision, with a two-story brick dwelling thereon, otherwise described as No. 217 Seventh street, in Wood River. Lot 11 was vacant and Goldberg had no interest in it. On June 5, 1924, Goldberg was adjudged a bankrupt and a trustee was appointed who administered the bankrupt's estate. Subsequently, during the pendency of the bankruptcy proceeding, Frank Wavra purchased lot 16, as improved, from Goldberg and his wife for $5400. The property was conveyed to Wavra by a warranty deed dated April 14, 1925, and the deed was filed for record on the same day. No instrument of any character relating to or indicative of the proceeding in bankruptcy had been recorded in Madison county at the time of the conveyance to Wavra, and the grantors in that deed appeared of record as the owners of the property, subject to the mortgage to the building and loan association. Wavra had no notice of the bankruptcy proceeding, and in the consummation of his purchase assumed the payment of the mortgage and paid the value of the equity of redemption, $1571, in money. He took possession of the property pursuant to his deed and has since occupied it. At the time of the hearing he had made improvements

upon the property at a cost of approximately $600, and his payments in reduction of the mortgage amounted to $864.75.

Upon the petition of the trustee in bankruptcy an order was entered on November 20, 1925, by one of the referees at Chicago, authorizing the trustee, pursuant to notice theretofore given, to accept the bid of $25 made by Theodore N. Vombrack for the trustee's interest in lot 11, in block 4, known as No. 217 Seventh street, Wood River, and to make the appropriate conveyance to him. The trustee accordingly on the same day conveyed that interest to Vombrack, and the deed was filed for record in the recorder's office of Madison county on August 3, 1926. Three days later Vombrack instituted a suit in ejectment against Frank Wavra and Pauline Wavra, his wife, in the circuit court of Madison county. Before the suit was reached for trial Vombrack was granted leave to transfer the cause to the chancery division of the court. Shortly thereafter he filed a bill for the reformation of the deed by the trustee in bankruptcy so that the description would read lot 16 instead of lot 11, and for partition of lot 16, making Wavra and his wife and the building and loan association parties defendant. Answers and replications were filed and the cause was referred to a master in chancery. The master reported that Wavra was the owner of lot 16 and that Vombrack's bill was without equity. Both parties filed objections to the master's report, but the objections were overruled and were allowed to stand as exceptions. The chancellor sustained the complainant's exceptions and rendered a decree in substantial conformity with the prayer of the bill. Frank Wavra and Pauline Wavra, his wife, prosecute this writ of error for a review of the record.

Plaintiffs in error make several contentions for a reversal of the decree. One is, that since the records of Madison county failed to disclose the pendency of the proceeding in bankruptcy and Frank Wavra had no notice of that proceeding he was justified in relying upon those records,

and, as a *bona fide* purchaser of the property in question for value, will hold the title thereto unaffected by the claim or interest of any subsequent purchaser from the trustee in bankruptcy. In our view it will be necessary to consider only that contention.

By section 70 of the Bankruptcy act (9 U. S. Comp. Stat. 1916, Ann. p. 11719,) the title of the trustee in bankruptcy to the property of the bankrupt not exempt, takes effect, by relation, from the date of the adjudication of bankruptcy. The title vests in the trustee by operation of law and without any conveyance. Provision has, however, been made both for official evidence of the trustee's title and for imparting notice thereof by public record. (Black on Bankruptcy,—4th ed.—sec. 753, p. 918.) Section 21, subdivision (*e*), of the act (9 U. S. Comp. Stat. 1916, Ann. p. 11299,) declares that "a certified copy of the order approving the bond of a trustee shall constitute conclusive evidence of the vesting in him of the title to the property of the bankrupt, and if recorded shall impart the same notice that a deed from the bankrupt to the trustee if recorded would have imparted had not bankruptcy proceedings intervened." Section 47, subdivision (·c·), of the act (9 U. S. Comp. Stat. 1916, Ann. p. 11459,) provides that the trustee shall, within thirty days after the adjudication, file a certified copy of the decree of adjudication in the office where conveyances of real estate are recorded, in every county where the bankrupt owns real estate not exempt from execution.

Rules concerning the transfer of property are primarily a matter of State regulation. (*Etheridge* v. *Sperry*, 139 U. S. 266.) In the absence of specific or particular provisions of the Bankruptcy act the law of the State determines the efficiency of acts and transactions to effect the transfer of the title to property, the time of the passing of the title, and whether the recording or filing of an instrument is required, and if so, as to whom it will be void for

the failure to record it. (2 Remington on Bankruptcy,—2d ed.—secs. 1140, 1141.)

Section 28 of the act concerning conveyances (Cahill's Stat. 1927, p. 613; Smith's Stat. 1927, p. 658;) requires deeds, mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this State, to be recorded in the county in which such real estate is situated. Section 30 of the same act provides: "All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record."

The public records of conveyances and instruments affecting the title to real estate are established by statute to furnish evidence of such title, and a purchaser may rely upon such records in security unless he has notice, or is chargeable in some way with notice, of some title, conveyance or claim inconsistent therewith. (*Lennartz* v. *Quilty,* 191 Ill. 174; *Holbrook* v. *Dickenson,* 56 id. 497.) Likewise, the Supreme Court of the United States in *Patterson* v. *De La Ronde,* 8 Wall. 292, said: "The object of all registry laws is to impart information to parties dealing with property respecting its transfers and incumbrances, and thus to protect them from prior secret conveyances and liens. It is to the registry, therefore, that purchasers, or others desirous of ascertaining the condition of the property, must look, and if not otherwise informed they can rely upon the knowledge there obtained."

The Bankruptcy act contains no provision superseding, modifying or limiting the effect of section 30 of the State act concerning conveyances. Indeed, the former act expressly recognizes the necessity of giving notice by a public

record of the pendency of a bankruptcy proceeding in order to bind subsequent purchasers from the bankrupt. By the provisions of the act to which reference has been made, the recording of a certified copy of the order approving the bond of the trustee imparts the same notice that a deed from the bankrupt to the trustee, if recorded, would have imparted had not the bankruptcy proceeding intervened, and the trustee is required to file a certified copy of the decree of adjudication in every county where the bankrupt owns real estate not exempt from execution. While the trustee's title to the bankrupt's property vests by operation of law and does not depend upon the filing or recording of these certified copies, yet it is manifest that these provisions of the Bankruptcy act require a disclosure of the vesting of the title to a bankrupt's real property in the trustee in bankruptcy by the public records of the county in which the property is situated, and afford protection to persons who in good faith rely upon those records in the acquisition of the property or of some interest in it.

The petition in bankruptcy was filed in the United States district court for the northern district of Illinois. Madison county, in which the property in question is situated, is not within the territorial jurisdiction of that court. (2 U. S. Comp. Stat. 1916, Ann. p. 1237.) Neither a certified copy of the order approving the bond of the trustee in bankruptcy nor of the decree of adjudication was filed for record in Madison county, as required by the Bankruptcy act. Wavra purchased and paid for the property relying upon the public records of that county, which showed the title to be in Max L. Goldberg and Phœbe Goldberg, his wife, as joint tenants, subject only to the mortgage to the Alton Building and Loan Association. He had the right to rely upon those records unless he had notice of the bankruptcy proceeding or there was something to lead a reasonable person to inquire whether there was an infirmity in the title. There is no pretense that he had such notice or that any fact or cir-

cumstance imposed upon him the duty to make such inquiry. To charge him in the instant case with constructive notice of the pendency of the bankruptcy proceeding and of the appointment of the trustee would be inconsistent with the purpose of the recording laws and with the settled principles of equity jurisprudence. *Williams* v. *Jackson*, 107 U. S. 478.

The decree of the circuit court of Madison county is reversed and the cause is remanded to that court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*