(No. 23395.—
CORA E. MARSH et al. Appellants, vs. J. L. STOVER et al. Appellees.

*Opinion filed April 24, 1936—Rehearing denied June 9, 1936.*

STONE, C. J., and JONES and WILSON, JJ., dissenting.

EARLY & EARLY, and FRANK E. MAYNARD, for appellants.

SMITH & MENZIMER, (LISLE W. MENZIMER, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

This litigation was presented to the circuit court of Winnebago county on evidence and stipulations which leave no question of fact in dispute.

On September 15, 1927, Helen M. Lindroth was the owner of certain real estate and on that date executed a principal note for $1500, which shortly thereafter became the property of Vera B. Thorne, one of the appellees. This note was payable three years after date to bearer, was secured by trust deed of even date to Ernest C. Stokburger, and was duly acknowledged and recorded. It was afterwards released of record by Stokburger on its exact due date, September 15, 1930, without the knowledge or consent of the owner of the note and without payment of any part of the principal. The trust deed, which is a part of

the record, contains the usual clause requiring the trustee to re-convey upon payment of the indebtedness and performance of the covenants mentioned in it. The release by Stokburger was in the usual form, acknowledging the receipt of full payment and perfect satisfaction. It was executed on the margin of the record under seal and witnessed by a deputy recorder.

On the same date, September 15, 1930, J. L. Stover and Mary M. Stover, being then the owners of the premises, executed five notes aggregating $1500, payable five years after date and secured them by a trust deed of the same date to the same trustee. This trust deed was duly acknowledged and recorded on the next day. These five notes were negotiated for value to the appellants who purchased them without knowledge that the note held by Vera B. Thorne had not been paid. The conveyance from Helen M. Lindroth to J. L. and Mary M. Stover was given for a stated consideration of one dollar and other valuable considerations, making no mention of any encumbrance against the property. Other facts as to amounts due under the various notes, for attorneys' fees, taxes, etc., were stipulated but have no bearing on the question to be decided, which is only as to the priority among the notes secured by the two different trust deeds, and this question in turn depends upon the authority of the trustee to release on the date of maturity. The trial court held that the release given by Stokburger on September 15, 1930, was illegal and void and that the note secured by that trust deed remained a first lien on the premises. The Appellate Court for the Second District has affirmed this holding and the cause is brought here by appeal on leave granted.

It was held by the trial and Appellate courts and is urged by appellee Thorne, that the release was given before the Thorne note was past due and was therefore fraudulent and void as to her. We have held that if one pays the indebtedness secured by a trust deed to the trustee

before maturity and without securing a cancellation of the notes secured, he is chargeable with notice of the trustee's want of power to receive payment. (*Kennell* v. *Herbert,* 342 Ill. 464, and authorities therein cited.) Conversely, it is stated that when the trustee releases after the indebtedness is past due, subsequent purchasers will be protected in the absence of notice. (*Mann* v. *Jummell,* 183 Ill. 523.) It is established by statute, and by numerous decisions of this court, that a *bona fide* purchaser may rely upon the public records in security unless he has notice or is in some way chargeable with notice, of some title, conveyance or claim inconsistent therewith. *Vombrack* v. *Wavra,* 331 Ill. 508; *Lennartz* v. *Quilty,* 191 id. 174; *Holbrook* v. *Dickinson,* 56 id. 497; *Clokey* v. *Wabash Railway Co.* 353 id. 349; *Patterson* v. *DeLaRonde,* 8 Wall. 292.

It will be noted that the cases cited refer either to releases made before maturity or after maturity. None of them which have come to our attention refer to a release on the precise day that the note became due and payable. We think, however, that our holding in *Lennartz* v. *Quilty, supra,* is determinative of this case and that what we said in that opinion is well sustained by reason and applies to the facts before us. It is urged at length and with vigor that the note in question was not past due on the day the trustee executed his release and we can find no cause to disagree with this argument. It is not argued, however, and it cannot be denied but that it was due on that date. Neither can it be doubted that the maker of the note had the right to pay it on that date and to require the trustee, in accordance with the precise terms of the trust deed, to enter a release. It is true, as urged, that the maker of the note could not be held in default until the expiration of the day of payment, yet it is equally true that the trustee would have been in default had he refused to accept payment and execute a release at any time on that day. In executing this release the trustee was apparently acting

within the exact and precise terms of the recorded instrument showing his authority. In *Lennartz* v. *Quilty, supra,* we pointed out the distinction between the power of a holder to enforce a note and the option of a maker to pay it. Speaking through Mr. Justice Cartright we said: "Payment of the note could not be enforced against the makers until the expiration of the five years, when it would become due absolutely and at all events. The makers of the note, however, reserved the right to pay it before the end of that period, so that, as far as they were concerned, the note was payable at any time  *  *  *  at the option of the makers, and the record showing that the payment had been made and the trust deed regularly released, we do not see how it could be said that Johanna Quilty should either presume or suspect that the makers of the note had not exercised their right and option to pay it. It is to be remembered that Johanna Quilty was a purchaser whose only duty was to ascertain the condition of the title, and she was under no obligation or duty to see that the note was paid or cancelled."

So, in the case at bar, the maker of the note had the option of paying it at any time on the day it became due, and the release of the trustee on that date, being within the terms of his appointment and in the regular course of business, was not such an act as could put a *bona fide* purchaser upon inquiry as to his authority. The release was valid as to the appellants and the trial and Appellate courts erred in not so holding. For this error the judgments of those courts will be reversed and the cause remanded to the circuit court with directions to enter a proper decree in accordance with this opinion.

*Reversed and remanded with directions.*

STONE, C. J., and JONES and WILSON, JJ., dissenting.