**BLEVINS et al. v. SUN OIL CO. et al.**

**No. 9336.**

Circuit Court of Appeals, Fifth Circuit.

March 28, 1940.

W. W. Mason, of Mexia, Tex., for petitioner.

Charles Fahy, Gen. Counsel, National Labor Relations Board, and Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, both of Washington, D. C., and Warren Woods, Regional Atty., National Labor Relations Board, of Atlanta, Ga., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

Clement M. Moss, of Lake Charles, La., Victor A. Sachse, of Baton Rouge, La., and Warren M. Simon, of New Orleans, La., for appellants.

A. B. Freyer and A. B. Freyer, Jr., both of Shreveport, La., and T. L. Foster, of Dallas, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellees, claiming under deed from Sarah Elizabeth Lyles, brought this suit against appellants, for slander of title as to, and to remove cloud from, 308½ acres of land described in their petition.

Appellants, except Blevins and Feldman, who claim under them, are the sole and only heirs at law, of William Branch Lyles, who died October 24, 1918. As such, they claimed in the suit that the land was property of the community of their father and Sarah Elizabeth Lyles, their mother, and sought judgment for title to an undivided ½ interest in it. Their claim was that: John Bell, the owner of a tract of 720 acres, of which the 308½ acres is a part, had a planting partnership as to the 720 acres with Lyles, and an agreement with him that he would sell him 308½ acres of it for $9,-000; that at the time of their father's death he was entitled under the agreement to a deed and in recognition of the agreement and of Lyles' right to the deed, Bell deeded the land to Lyles' widow, their mother and natural tutrix; and she took the title as community property of herself and Lyles and held it, ½ for herself and ½ for her children.

Appellees, relying on the deed of February 8, 1919, from John Bell to Sarah Elizabeth Lyles,[1] the deed of January 6, 1934, from her to Ellis Townsend and an oil and gas lease from said Townsend to the Sun Company, moved for summary judgment in their favor.

The District Judge was of the opinion, that there was no substantial fact issue, and that the matters and things tendered and relied on by appellants, were not sufficient, if proven, to make out a title in them. He thought too, that appellees had established their title. He granted their motion for summary judgment and entered a decree for appellees.

Appellants are here insisting that the facts pleaded and relied on by them, if proven, would have made out their title, and because they were of record when appellees bought, would have entitled appellants to judgment. These facts are: The records of the Lyles succession showing the petition filed by his widow reciting in part "that at the time of his death the said W. B. Lyles owned in community with your said petitioner, certain property divided and in partnership with one J. D. Bell"; the order for and the taking and filing of an inventory describing the property in question here, as "community property between deceased and his wife, Sarah Elizabeth Powell, the undivided ½ interest owned in partnership by and between John Bell and Wilber Lyles;" the allegations of their pleading that "although no deed was executed and delivered by Bell to Lyles before the death of the latter, the equitable title thereto vested in Lyles before his death, and he was entitled to receive a deed therefor; that Bell rendered an accounting of the partnership to the widow and natural tutrix and on February 8, 1919, executed an act of sale, naming as grantee, Mrs. Sarah Elizabeth Lyles, widow of Wilber Lyles; and that though said act from said Bell thus described the grantee, it was based upon community funds and credits arising from and directly connected with the partnership, and was delivered by Bell and accepted by her in

---

[1] The material parts of the deed are: "John Bell married, the husband of Elizabeth Troth * * * for the consideration hereinafter mentioned, does * * * grant, bargain, sell, convey, etc., * * * unto Mrs. Sarah Elizabeth Lyles, widow Wilber Branch Lyles of the Parish of Avoyelles, here present, accepting and purchasing for herself, heirs and assigns and acknowledging delivery and possession of the following described property * * * 308½ acres * * * this sale is made for and in consideration of the sum and price of $6,977; $3,977.50 cash and one promissory note for $3,000, payable to the order of the purchaser and by her endorsed and payable, January 21, 1920."

settlement of the partnership on behalf of the succession of W. B. Lyles and for the benefit of herself as surviving widow in community and as usufructuary and on behalf of and for the benefit of the heirs of Lyles." Appellees on their part insist that the facts, as distinguished from the conclusions pleaded, neither make out a title nor show that it was in writing and recorded so as to affect appellees who, under settled Louisiana law, dealt with Mrs. Lyles as the record owner. We agree with appellees. All that was shown was an oral agreement on Bell's part to sell to Mr. Lyles, on payment by him of $9,000, a ½ interest in a described tract of land. Under Louisiana law, such an agreement will not constitute title or even support the claim appellants make that Lyles acquired a title which on his death passed to appellees as his heirs. Civil Code, Article 2440; Kemper v. Hanson Lumber Co., 134 La. 816, 64 So. 760; Kidd v. Talbot, La.App., 147 So. 825.

Nor would appellants fare better if the contract had been in writing so as to be enforceable as a contract to sell, for the contract not having been consummated by the execution of the deed before Lyles' death, he had no title which his heirs could have inherited. In this view it is wholly unimportant whether, as appellants insist, the purchasers from Mrs. Lyles had to take notice, not only of the conveyance records but of the succession records as well, for the succession records wholly failed to show that Lyles or the community had any title which could pass to his heirs. Succession of Fay, 161 La. 1022, 109 So. 824. Neither do appellants stand any better upon the claim that their rights rest on and spring from the deed to Mrs. Lyles; that community funds paid for the property; and that she took it for the community and held the title to it, ½ for herself and ½ for her children. The deed to her, which was filed in the conveyance records, gives to an intending purchaser, no information of this kind. On the contrary, it shows that she took the title for herself, paying part in cash and giving her note for the balance. It is quite plain that the facts appellants rely on, are not of record but rest in parol,

and that if, as appellants claim, they could prevail against their mother by showing them they cannot be heard to make that proof here. For to permit it would be to permit a secret and unrecorded title, the very kind the simple record title system of Louisiana is designed to protect against, to prevail over one who purchased from Mrs. Lyles, on the faith of the conveyance records to which alone, purchasers must look. McDuffie v. Walker, 125 La. 152, 51 So. 100; Herndon v. Wakefield-Moore Realty Co., 143 La. 724, 79 So. 318; Loranger v. Citizens' Nat. Bank, 162 La. 1054, 111 So. 418; Westwego Canal & Terminal Co., Inc., v. Pizanie, 174 La. 1068, 142 So. 691; Derryberry v. Matterson, 193 La. 624, 192 So. 78; Cf. George v. Manhattan Land & Fruit Co., 5 Cir., 51 F.2d 28.

"But", say appellants, "our claim is not in contravention of this rule. We claim under an exception to it as well recognized as the rule itself. This exception is, that the rights of the heirs of husband or wife to immovables, held in the name of either in their lifetime are not subject to recordation and may be established by parol. Long v. Chailan, 187 La. 507, 175 So. 42; McGill v. Urban, 10 La.App. 82, 120 So. 408; Greig v. Albert Hanson Lbr. Co., 151 La. 353, 91 So. 762." We do not think that this will do. The principle which takes the claims of heirs out of the rule is the well known one that "titles by descent do not require to be registered", Brian v. Bonvillain, 111 La. 441, 35 So. 632; Guillotte's Heirs v. Lafayette, 5 La.Ann. 382. But it is essential to such a claim that the ancestor, under whom the claim is asserted, was seized at his death, of the title which his heirs assert, and that essential is fatally wanting here. For Lyles had no title and none descended from him. Such title as appellants have, if any, is not by descent from Lyles, but through some kind of equitable claim, if cognizable at all, Cf. Buck v. Larcade, 183 La. 570, 164 So. 593, against or upon their mother's title. Such secret, equitable claims come, not within the exception to the rule, but within the very mischief it is the prime purpose of the rule to protect against.

The decree was right. It is affirmed.