Edmund Brenner and Ellie Brenner, Plaintiffs-Appellees, v. Edwin Neu, Clara Neu, Adolph Hoffmann, Ida Klohr, August Klohr, Cora M. Petri, Individually and as Executor of the Estate of J. Willard Dungey, Deceased, Defendants. (Defendant Adolph Hoffmann Being the Only Appellant.)

Term No. 60–O–22.

Fourth District.

December 13, 1960.

Rehearing denied January 9, 1961.

Johnson, Johnson, Ducey & Dixon, and W. E. Ackermann, all of Belleville, for appellant.

Farthing and Farthing, of Belleville, for appellees.

CULBERTSON, P. J.

This cause arose as an action in equity to foreclose a mortgage which plaintiffs, Edmund Brenner and Ellie

Brenner, contended was fraudulently released of record.

The plaintiffs were the owners of real estate which was handled by the Ed. P. Petri Agency through J. W. Dungey, as managing officer. The Agency acted on behalf of plaintiffs in the sale of the property to Edwin Neu and Clara Neu, husband and wife. The Neus took a Warranty Deed to the premises and gave a mortgage securing a note in the principal sum of $8,000.00, payable to J. W. Dungey, trustee. The note provided that it was to be paid in installments of "at least $80.00" per month until paid. Three days after the closing with the Neus, Dungey assigned the note in blank and delivered the note together with a written assignment of the mortgage, to the plaintiffs. The assignment of mortgage was not recorded. No consideration was paid to Dungey for the assignment.

The record shows that Dungey was acting as Agent for the owners, the Brenners. Monthly payments of $80.00 were made by the Neus to J. W. Dungey, trustee, from April 1, 1950 to October 1, 1952. On August 30, of 1952, the Neus arranged for sale to defendant, Adolph Hoffmann and wife, of the premises for a total consideration of $9,600.00. A Warranty Deed was delivered by the Neus to Hoffman and wife, and coincidentally therewith, the first mortgage payable to J. W. Dungey, trustee, was released of record by J. W. Dungey, and the Hoffmanns gave a first mortgage to First Mutual Savings & Loan Association for $6500.00. The release of the mortgage to Dungey was first recorded, then the Warranty Deed, and then the mortgage to First Mutual Savings & Loan Association. In December of 1953, the Hoffmanns paid off the First Mutual Savings & Loan Association's mortgage. J. W. Dungey had apparently continued to pay $80.00 monthly to the plaintiffs, the Brenners until shortly before his death, and did not account to the Brenners for the money he received in payment of the mortgage in

220

which he was named as trustee. It was not until February 16, 1955 that the Brenners filed their assignment of mortgage in the Recorder's Office. This assignment was originally given on February 13, 1950.

The cause was heard below by a Master-in-Chancery, who found the issues in favor of the defendant Hoffmann, and others, and denied foreclosure. After objections and exceptions to the Master's Report, which were sustained in the Circuit Court, a decree was entered granting the foreclosure prayed for and directing that the premises be sold. The only appellant in this Court is the defendant Hoffmann, the purchaser of the premises.

It is contended by plaintiffs that Dungey had no authority to release the mortgage and that, therefore, the release was fraudulent and void, and that the Neus, and Hoffmann, as a successor purchaser, were not protected by the release and that the mortgage was still a valid lien against the land.

It is apparent from the record that Dungey and the Petri Agency were agents of the plaintiffs and that they acted for the plaintiffs in connection with the original sale to the Neus. It is also apparent from the record that Dungey was given authority to determine the form and the method of payment, including arrangements for a note payable to him, as trustee, and a mortgage likewise payable to him, as trustee. The evidence indicates that the Neus in fact knew that the Brenners were the beneficial owners, but it is clear from the record that the Hoffmanns had no knowledge of the interest of the Brenners in the premises. The Hoffmann purchase followed the normal course of real estate acquisitions in that payment was made of the entire consideration with the aid of the Loan Association proceeds, and the Dungey mortgage release which, of record, showed the premises as free and clear of the mortgage obligation. The Brenners chose not to record the assignment of mortgage and kept the mort-

221

gage obligation, of record, in the name of Dungey, as trustee. The issue before us principally is the validity of the release which was executed by J. W. Dungey, as trustee, in so far as appellant Hoffmann is concerned.

It is obvious that Dungey was the agent of the Brenners (Linowiecki v. Wisniewski, 249 Ill. App. 474). It is also apparent that a mortgage which permitted prepayment was given in conjunction with the sale to the Neus. The language of the note permitted payment in equal monthly installments "of at least $80.00 each." This is similar in character to a note which provides for the payment of a specific sum "or more," and obviously grants a prepayment privilege to the maker or mortgagor. Dungey was also authorized, as agent, to collect monthly payments in accordance with the terms of the note.

It is also apparent from the record that Hoffmann was an innocent purchaser for value without notice of any rights of the Brenners as against Dungey.

Our Courts have long recognized the distinction between a mortgage payable at a specific time of maturity, and a mortgage which grants a prepayment privilege. Where a prepayment privilege is granted, payment of such obligation prior to maturity would be presumptively valid and there would be no burden upon the successor purchaser to require production of the note and mortgage in conjunction with such release (Lennartz v. Quilty, 191 Ill. 174, 179, 60 N. E. 913; Marsh v. Stover, 363 Ill. 490, 492, 2 N.E.2d 559). It is also apparent that Dungey, as trustee, had the right to receive payment of the mortgage and, as a corollary thereto, in absence of any knowledge to the contrary by the successor in title, had the right to release the mortgage (Mann v. Jummel, 183 Ill. 523, 56 N. E. 161). Hoffmann had no knowledge of the interest of the Brenners in the mortgage. There was a right on part of Hoffmann to rely upon the clear record

of title under the facts in proceeding with the purchase.

Some confusion apparently exists as to the application of a previous case considered in this Court, involving the same plaintiffs (Brenner v. Franke, 18 Ill.App.2d 202, 151 N.E.2d 650). In that case we observed that the defendants and not the Brenners must suffer the loss since they made the loss possible under the facts before us at that time. In the case now before us both the Brenners and Hoffmann were innocent victims of Dungey. Hoffmann had no knowledge of the fact that the Brenners had an interest in the premises. The fraud and the loss could have been prevented if the assignment of mortgage which was delivered to the Brenners on February 13, 1950 had been recorded. The failure of the Brenners to record such assignment was the cause of the loss and as between the innocent parties named, the loss under equitable principles, must be sustained by the Brenner's whose omissions and negligence made the loss possible. Any other conclusion would violate fundamental equitable principles.

The decree of the Circuit Court of St. Clair County is, therefore, reversed and such Court is directed to enter a decree in conformity with the report of the Master-in-Chancery.

Reversed, with directions.

SCHEINEMAN, J., and HOFFMAN, J., concur.